HARRY SCHNEIDER v. THE STATE.

No. 2252. Decided February 26, 1913.

Rehearing denied May 21, 1913.

**1.—Theft—Bill of Exceptions—Jury and Jury Law.**

In the absence of a bill of exceptions, the complaint that the verdict was rendered by only five men as jurors can not be considered on appeal.

**2.—Same—Sufficiency of the Evidence—Ownership.**

Where, upon trial of theft, the alleged owner testified that he was the special owner of the property, and the evidence was otherwise sufficient to sustain the conviction, there was no error.

**3.—Same—Circumstantial Evidence—Charge of Court—Misdemeanor.**

In the absence of a special charge and an exception to the court's charge, in a misdemeanor trial, an objection that the court failed to charge on circumstantial evidence can not be considered on appeal.

**4.—Same—Possession—Explanation.**

Where defendant's explanation as to his possession of the alleged stolen property was contested by the State, it became a question of fact for the jury.

Appeal from the County Court of McLennan. Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of theft; penalty, imprisonment for one day in the county jail.

The opinion states the case.

*J. P. Alexander* and *Williams & Williams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This is a misdemeanor theft. Appellant was given one day in the county jail.

Appellant, in his motion for new trial, insists that the verdict is contrary to the law in that it was rendered by a jury composed of only five men and was not signed by each juror but was signed by only one. It is unnecessary to notice this question other than to state that this is not verified by a bill of exceptions or evidence, but is simply alleged as a ground of the motion.

The second ground alleges the insufficiency of the evidence in that it fails to show that the property alleged to have been stolen was in the possession of the alleged owner, Miller. We are of opinion that the evidence on this question is sufficient to show the special ownership in Miller. His testimony is to the effect that he was the general foreman of the mechanical department of the railroad company and in such office he had charge of the property of the company. He recalled the incident of the arrest of appellant for the theft of ice from the union depot; that he had possession of what belonged to the International & Great Northern; had charge of the property of the Cotton Belt, International & Great Northern, and Santa Fe, that comes into Waco, and "makes arrangements for icing the trains." The evidence further shows that the ice was brought by one of the employes of the ice company every morning for the train and placed at said point, and on the particular morning in question appellant sent a negro to get the ice, and was putting it in an ice box, evidently for the purpose of keeping cool some soda water bottles. Mr. Miller's testimony is that he was the special owner of the property,—at least until it had been taken on board the train and passed into the possession of the management of the train. At the time appellant got it, it had not been carried into the train. Appellant was a newsboy or train "butch," sent a negro out, got the ice

and took it for his own purposes. There seems to be no evidence to the contrary, so far as ownership is concerned.

It is insisted the court erred in not charging on circumstantial evidence. This is a misdemeanor. No special charge was asked by appellant and the only exception taken was in the motion for new trial. This, under the rulings with reference to misdemeanors, is not sufficient and can not be considered.

Appellant gave an explanation, or made a statement in regard to the matter which would show that he had bought the property the evening before, to be delivered the morning he sent the negro to get it. This was controverted by the State and the circumstances were sufficiently strong to sustain the jury's verdict in finding his statement was not true. In other words, on this question it was a fact case and the jury solved the question adversely to appellant. We do not feel justified under the evidence in reversing the judgment on the ground it does not support the verdict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied May 21, 1913.—Reporter.]