## Richard Berry v. The State.

### No. 4854. Decided January 30, 1918.

### Rehearing denied February 7, 1918.

**1.—Local Option—Recognizance—Practice on Appeal.**

Where, upon appeal from a conviction of a misdemeanor, the recognizance was defective, appellant was allowed, under article 923, Code Criminal Proced- ure, to file a new recognizance in the lower court

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, al- though circumstantial, sustained the conviction, there was no reversible error.

**3.—Same—Circumstantial Evidence—Misdemeanor—Charge of Court.**

Upon trial of a misdemeanor, where the conviction depended upon circum- stantial evidence, the court should have submitted a requested charge on cir-

cumstantial evidence; however, in the absence of an exception to the court's refusal thereof, there was no reversible error. Following Schneider v. State, 70 Texas Crim. Rep., 517, and other cases.

### 4.—Same—Disqualification of Judge.

The conditions named in the Constitution, establishing the disqualification of the judge, are exclusive, and prejudice against the accused on part of the judge is not named therein and does not disqualify him. Following Trinkle v. State, 59 Texas Crim. Rep., 257, and other cases.

### 5.—Same—Constable—Witness.

A constable who is a witness in a criminal case may, nevertheless, summons talesmen; especially, where he is designated by the sheriff as the officer upon attendance upon the court.

### 6.—Same—Charge of Court—Requested Charges.

In the absence of exceptions to the court's charge and the refusal of requested charges, the matter can not be reviewed on appeal.

### 7.—Same—Evidence—Res Gestae.

Upon trial of violation of the local option law, the testimony that the defendant demanded a certain price for his whisky was admissible as res gestae, and other circumstances as to the contents of certain bottles left in the barber shop, was admissible in evidence. Following Myers v. State, 56 Texas Crim. Rep., 222.

### 8.—Same—Evidence—Self-serving Declaration.

What defendant said to the county attorney after his arrest with reference to the contents of a certain bottle left with same, was self-serving and inadmissible.

### 9.—Same—Motion for New Trial.

Where the court, in overruling the motion for new trial, heard evidence thereon, there was no reversible error, in the absence of bills of exception or statement of facts.

### 10.—Same—Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence, although circumstantial, was sufficient to prove that the liquid sold was intoxicating liquor, the conviction is sustained. Following Pike v. State, 40 Texas Crim. Rep., 613.

Appeal from the County Court of Upshur. Tried below before the Hon W. H. McClendan.

Appeal from a conviction of violating the local option law; penalty, a fine of one hundred dollars and confinement in the county jail for thirty days.

The opinion states the case.

*Briggs & Florence,* for appellant.—On question of the insufficiency of the evidence: Davis v. State, 36 Texas Crim. Rep., 393, 37 S. W. Rep., 435; Weinberg v. State, 194 S. W. Rep., 1116.

On question of the disqualification of judge: McGoon v. State, 1 Ill., 42; Curran v. Beech, 20 id., 259; Vandercarr v. State, 51 Ind., 91; Turner v. Hitchcock, 20 Iowa, 310; Bent v. Levis, 15 Miss., 40.

On question of contents of bottle: Mason v. State, 56 Texas Crim.

Rep., 261, 119 S. W. Rep., 852; Murray v. State, 56 Texas Crim. Rep., 420, 120 S. W. Rep., 438.

On question of recognizance: Ex parte Martinez, Jr., 66 Texas Crim. Rep., 1.

*E. B. Hendricks*, Assistant Attorney General, for the State.

MORROW, JUDGE.—This is an appeal from a conviction for a misdemeanor. Appellant gave timely notice of appeal and entered into a recognizance, putting in the hands of the clerk of the court trying the case a sum of money equal to the amount of the recognizance but failed to have sureties join him therein. Subsequently during the term he sought to amend the recognizance and appeared in court with sufficient sureties, but his request to be permitted to enter into a new recognizance was denied by the court.

In the absence of a recognizance this court has no jurisdiction of an appeal from a conviction for a misdemeanor where the appellant is at large. C. C. P., art. 920. By article 923 it is provided, however, that where a recognizance entered into within the time prescribed by law shall be determined by the court on appeal to be defective *in form or substance,* such appellate court may allow the appellant to amend such recognizance by filing a new bond or recognizance on such terms as the court may prescribe.

This court is without jurisdiction of the appeal and the motion to dismiss must be granted. Permission is given to appellant, however, to enter into a new recognizance as soon as the court trying the case is in session and the trial judge is directed to permit him to enter into such new recognizance.

*Dismissed.*

MORROW, JUDGE.—Appellant was convicted of unlawfully selling intoxicating liquor in prohibited district. The offense was a misdemeanor.

The sale was charged to have been made to George Erwin. He testified that he bought a bottle of whisky from appellant and paid him $1.25 for it. The bottle and its contents were delivered by the witness to the county attorney. Erwin did not drink any of it, nor smell it, and said he did not know what was in the bottle. The county attorney testified that after he received the bottle he put it in his desk. The seal, consisting of a label pasted over the cork, had not been broken. That on the day of the trial he found the seal broken on one side; that the appellant had come to his office and told him to open the bottle and he would see it was not whisky, and that he then on looking at the bottle found it was broken. That near the bottle there was something spilled on the desk which smelled like cider and not like whisky; that his desk had been opened by someone who picked the lock. The bottle was labeled "Blue ribbon whisky." A witness testified that it was the color of whisky and that it "beaded" like whisky and in his opinion it was whisky, not cider and not vinegar.

Appellant's defense, supported by his testimony, was that the liquor that he sold the prosecuting witness was not whisky but was cider. That he had opened the whisky bottle by raising the seal and had emptied the whisky, filled the bottle with cider and replaced the seal and put it in his laundry basket. There was some evidence that when Erwin first sought to purchase the whisky that he was told by appellant that it would cost him $1.25 a pint, that he did not have any at that time, but when Erwin went back later he got it. Erwin also testified that there was a basket and a box brought in, the box sitting in the basket and the whisky in the box. Subsequently, on the same day, a witness found on the premises eleven bottles similar to that in question all labeled "whisky."

The appellant insists that the evidence does not support the conviction. We have not undertaken to quote it all. It was purely circumstantial, so far as the identity of the contents of the bottle was concerned, but we regard it as sufficient to support the finding of the jury.

The appellant submitted a special charge requesting the instruction of the jury on the law of circumstantial evidence and the refusal of this charge would not have been authorized except for the fact that this being a misdemeanor case and the judge certifying that there was no exception to the charge for the omission of the charge on circumstantial evidence, the point, under the authorities, is not raised. Howard v. State, 8 Texas Crim. App., 612; Lucio v. State, 35 Texas Crim. Rep., 320; Bennett v. State, 40 Texas Crim. Rep., 445, 50 S. W. Rep., 945; Schneider v. State, 70 Texas Crim. Rep., 517, 156 S. W. Rep., 944.

The appellant filed a motion to require the judge to disqualify himself on the ground that he was prejudiced and had expressed his prejudice against the appellant and complains of the failure of the court to sustain his motion. The Constitution, article 5, section 11, names the circumstances under which a judge is disqualified to sit in a case, and the conditions named establishing his disqualification appear to be exclusive. Johnson v. State, 31 Texas Crim. Rep., 456; Drechsel v. State, 39 S. W. Rep., 678; Benson v. State, 39 Texas Crim. Rep., 56; Trinkle v. State, 59 Texas Crim. Rep., 257; Burrell v. State, 65 S. W. Rep., 914. In some States there are statutes which disqualify the judge on the ground of prejudice. Our laws appear to proceed on the theory that prejudice against an accused does not disqualify the judge from trying the case, the accused's rights being fully protected under the Constitution, which gives him the right of a legal trial before an impartial jury and review on appeal.

A bill complains that the constable who was a witness in the case summoned the talesmen does not show error, especially in view of the qualification of the trial judge that the constable had been legally designated by the sheriff as the officer in attendance upon the court.

The court gave a charge to the jury which submitted the issues in a manner which appears not to have been subject to objection. No exceptions to the charge having been filed the various special charges requested are not presented in a manner which would render them subject to review.

The objection to the testimony of the witness Erwin that when he first called on appellant that he was told by him that the whisky would cost $1.25 a pint was not subject to objection. It is part of the res gestae. The fact that the basket containing the box and bottles of whisky was brought into appellant's barber shop and afterwards on the same day examined and found to contain eleven bottles of "Blue Ribbon" whisky was not subject of objection. It was admissible as a circumstance on the issue raised as to the contents of the bottle in question. Myers v. State, 56 Texas Crim. Rep., 223. The State called the county attorney as a witness to prove by him that he had received a pint bottle of whisky from the prosecuting witness Erwin and had put it in his desk and that it remained there until the morning of the trial when he found the seal broken also the bottle broken. On cross-examination he testified that the appellant had come in on the morning before the trial and told him that if he would open the bottle that he would find it was not whisky and that when he looked he found it was broken and that the liquid spilled smelled like cider and not like whisky. An effort was made to prove by the witness that the appellant told him that he had poured whisky out of the bottle and filled it with cider and that it was not whisky that he sold. We do not think there was any error in sustaining the objection to this testimony. It would be classified as self-serving. It was not explanatory of anything that was drawn out by the State from the witness and was, therefore, not germane cross-examination.

There are various matters set up in the motion for new trial, the existence of which would depend on facts aliunde the record. The judgment overruling the motion for new trial recites that the court heard evidence on the motion before overruling it. In the absence of the preservation of such evidence by way of bills of exception or statement of facts this court is left in ignorance as to what proof was made and must assume, in deference to the finding of the trial court, that his conclusion that the matters of fact set up in the motion were not sustained by the evidence, is correct. We have made a careful examination of the entire record, together with all bills of exceptions, and as the matter is presented we find no reversible error. The evidence while circumstantial was, we think, sufficient to discharge the burden upon the State to prove that the liquid sold was intoxicating liquor. Pike v. State, 40 Texas Crim. Rep., 614; Black on Intoxicating Liquor, sec. 497; Joyce on Intoxicating Liquor, sec. 674.

The judgment is affirmed.

*Affirmed.*

PRENDERGAST, Judge, absent

[Reached Reporter April, 1918.]