## C. F. RICHARDSON v. THE STATE.

No. 11153.   Delivered February 29, 1928.

**1.—Libel—County Court at Law—Of Harris County—Jurisdiction Of.**

This prosecution was had in the County Court at Law of Harris County, under a charge of libel. That court has jurisdiction of such misdemeanor cases as the regular County Courts had under the Constitution, and the County Judge of said court is allowed as compensation the same fees as are now provided by the General Laws of the state for judges of the County Courts, having criminal jurisdiction. See Acts of Thirty-third Legislature, pp. 10-11.

**2.—Same—Continued.**

Under Art. 1052, C. C. P., the County Judge is allowed three dollars, to be paid by the commissioners court of his county in which he claims such fee of three dollars for each criminal case actually tried and disposed of.

**3.—Same—Continued.**

In the case under consideration appellant contends that the judge of the County Court at Law of Harris County, before whom he was tried, was disqualified by reason of his pecuniary interest, and claims that he

was "deprived of his due process of law under the Fourteenth Amendment to the United States Constitution."

**4.—Same—Continued.**

In no case under the Texas statute is a defendant liable for any costs, payable as a fee to the County Judge in case of conviction. See Art. 1052, C. C. P.  Breckenridge v. State, 27 Tex. Crim. App. 528.

**5.—Same—Continued.**

In the recent case of Tramley v. Ohio, 272 U. S. 533-36, reference is made to the Texas statute, and the case of Bennett v. State, 4 Tex. Crim. App. 72, is criticized.  The Bennett case was decided under an entirely different statute from that now under consideration.  By the statute then in force the County Judge received a fee of five dollars for every case of misdemeanor or habeas corpus finally disposed of by him, *to be paid by the defendant*, if convicted.

**6.—Same—Continued.**

The only possible pecuniary interest a County Judge could now have in the result of a trial in his court, would be where he acts upon a motion to quash, which if sustained no fee would be received by him from the county, while if the motion to quash is denied and the case tried a fee of three dollars, but which would not be paid by the defendant, would accrue.

**·7.—Same—Continued.**

Such possible contingency is fairly within the maxim *"de minimis non curat lex"* and the principle was recognized by the Supreme Court in the Tumey case, supra.  Also see Cooley on Constitutional Limitations (7th Ed.), p. 593.

**8.—Same—Continued.**

This court knows, as a matter of fact, that the cases are very rare where a fee of the kind in question is ever really involved.  So rare in fact, that their aggregate amount would be too small to lead us to believe that any judge would ever likely prostitute his office by permitting such a base, unworthy and trivial thing to influence him.

Appeal from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for libel, penalty a fine of $750.

The opinion states the case.

No brief filed for appellant.

*Heidingsfelder, Kahn & Branch,* and *A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense libel, penalty a fine of seven hundred and fifty dollars.

This prosecution was in the County Court at Law of Harris County, the jurisdiction of which court was enlarged by an Act of the Thirty-third Legislature, so as to include such misdemeanor cases as the regular County Courts had under the

Constitution. (See Acts of Thirty-third Legislature, pp. 10-11.) Under the terms of the said law the County Judge of said court was allowed as compensation the same fees and costs in criminal cases as are now provided by the General Laws of the state for judges of the County Courts having criminal jurisdiction.

The only question properly presented for review on this appeal is the alleged disqualification of the judge of said County Court at Law of Harris County by reason of his pecuniary interest, the appellant claiming that he is "deprived of due process of law under the Fourteenth Amendment to the United States Constitution." The contention is made, as we understand it, that the judge's fee is directly dependent upon an actual trial and disposition of cases in his court and therefore a motion to quash an information or indictment before him, if sustained, results necessarily in his not receiving compensation; whereas, if same is overruled and the case actually tried and disposed of he will receive a fee of three dollars under Art. 1052, C. C. P. The last-mentioned article of the Code of Criminal Procedure reads as follows:

"Three dollars shall be paid to the County Judge by the county for each criminal action tried and finally disposed of before him. Such judge shall present to the commissioners court of his county, at a regular term thereof, a written account specifying each criminal action in which he claims such fee, which account shall be certified to be correct by such judge and filed with the county clerk. The commissioners court shall approve such account for such amount as they may find to be correct, and order a draft to be issued upon the county treasurer in favor of such judge for the amount so approved."

It was said in Brackenridge v. State, 27 Tex. Crim. App. 528: "A dismissal of a case is to send it out of court without a trial upon any of the issues involved in it. It is a final disposition of that particular case but not a trial of it." There might be such issues tried and disposed of in a motion to quash as would amount to a final disposition and trial of a case and discharge of the accused. We can see no reason to doubt that in such a case the County Judge would be entitled to his fee, payable, however, by the county. In no case under the Texas statute is a defendant liable for any costs payable as a fee to the County Judge in case of conviction. We will dispose of the question, however, upon the assumption that there do exist cases in which the County Judge upon sustaining a motion to quash the information or indictment is not entitled to any fee and that he

would be so entitled to the three dollars from the county allowed him under Art. 1052, above quoted, if such motion were overruled and the case actually tried and finally disposed of.

We have not been favored with a brief by appellant, but we assume he relies upon the recent case of Tumey v. Ohio, 272 U. S. 533-536, 71 L. Ed. 759. Reference is made in this opinion to the Texas statute and to the Texas case of Bennett v. State, 4 Tex. Crim. App. 72, which pointedly holds a County Judge in Texas is not disqualified as against the objection urged on this appeal. It is fairly inferable from the Tumey opinion, supra, that the United States Supreme Court regards the holding in the Bennett case as erroneous. It is to be noted, however, in this connection that the Bennett opinion construed an entirely different statute from that under attack in this case. By the statute then in force the County Judge received a fee of five dollars "for every case of misdemeanor or habeas corpus finally disposed of by him *to be paid by the defendant if convicted.* The law has been materially altered since the above decision in such way as to completely meet every constitutional objection relating to personal or pecuniary interest of the County Judge as will appear from the terms of Art. 1052, C. C. P., quoted above, unless it can be said that there still exists a contingent interest attaching by reason of the alleged rule prohibiting the payment of a fee where the case is dismissed upon motion to quash, but which is due if same is overruled and the case tried and finally disposed of. This last mentioned question we shall now attempt to analyze and examine especially in the light of the Tumey opinion.

That no man ought to be judge in any case where he has a personal or pecuniary interest is an ancient rule, the strictest observance of which is demanded by public policy and natural justice. However, it has been said: "The rule as to the disqualification of judges must yield to the demands of necessity where disqualification if permitted to prevail destroys the only tribunal in which relief may be sought and thus effectually bars the doors of justice. State of South Dakota Ex Rel. T. H. Null v. Samuel C. Polley, 42 L. R. A. (N. S.) 788, 23 Cyc. 581. See also 15 R. C. L., Sec. 29, p. 541. In the Tumey case occurs the following language:

"Then the circumstance that there is no judge not equally disqualified to act in such a case has been held to affect the question." Wheeling v. Black, 25 W. Va. 266, 280; Peck v. Essex County, 20 N. J. L. 457; Dimes v. Grand Junction Canal, 3. H. L. Cas. 759, 10 Eng. Reprint, 301; Y. B. 8 Hen. VI. 19,

s. c. 2 Rolle, Abr..93; Evans v. Gore, 253 U. S. 245, 247, 64 L. Ed. 887, 889, 11 A. L. R. 519, 40 Sup. Ct. Rep. 550; Stuart v. Mechanics & F. Bank, 19 Johns. 496; Ranger v. Great Western R. Co., 5 H. L. Cas. 72, 10 Eng. Reprint, 824.

It has been further said "that a system by which an inferior judge is paid for his services only when he convicts the defendant has not become so imbedded by custom in the general practice, whether in common law or in this court, that it can be regarded as due process of law *unless the costs usually imposed are so small that they may be properly ignored as within the maxim de minimis non curat lex.* Tumey v. Ohio, supra.

"Excepting cases where the interest is so remote, trifling or insignificant that it may fairly be supposed to be incapable of affecting the judgment or influence the conduct of an individual the legislature could have no power to abolish this maxim which is among the fundamentals of judicial authority." Cooley on Constitutional Limitations (7th Ed.), p. 593.

"It is the general rule that the disqualifying interest must be pecuniary in nature and not remote, uncertain, speculative or merely incidental." 15 R. C. L. 528.

"The interest must be a direct, real and certain interest in the subject matter of the litigation, not merely indirect or incidental or remote or contingent or possible." 33 C. J. 994. An imposing array of authorities are cited in support of these texts.

It was shown in the Tumey case, supra, that the mayor's court of the village of North College Hill, Ohio, with a population of about fourteen hundred, had been given jurisdiction by statute and was exercising jurisdiction over the entire County of Hamilton, including the city of Cincinnati, with a population of more than a half million; that no provision was made for a jury trial and no right given for a complete review by appeal; that the mayor received fees in liquor cases amounting to over one hundred dollars per month from convictions which were paid by convicted defendants and nothing was allowed such mayor if he entered judgments of acquittal; that he was the executive officer of the village having supervision over secret service men and others who received part of the fines assessed by the mayor for their work in enforcing the prohibition law; that the village itself received part of the money for improvements from the fines collected in the enforcement of such law and that the mayor was a property owner in said village; and further, that there were no other courts existing in Hamilton County of coordinate jurisdiction who could try such cases. A marked contrast exists between the facts of the Tumey case and the instant case. Not

one of the above recited facts upon which the Tumey opinion was based exists in the present case. The jurisdiction of the County Court at Law extends over Harris County; the judge of said court has neither direct nor indirect interest in or authority over the disposition of any money collected as fines and costs in such court; a right of trial by jury exists with a full and complete right to review by appeal every question of law together with the sufficiency of the evidence. Nor does the judge's fee depend upon a conviction of defendant, but he is paid by the county for the work of the trial whether the defendant is convicted or acquitted. Moreover, there are no other courts in Texas other than county courts which have jurisdiction of the offense of which appellant was convicted. Art. 5, Sec. 16, of the Texas Constitution, which has been incorporated in the Code of Criminal. Procedure as Art. 56 reads as follows:

"The County Courts shall have original jurisdiction over all misdemeanors of which exclusive jurisdiction is not given to the Justice Court and when the fine to be imposed shall exceed two hundred dollars."

Art. 57, C. C. P., provides:

"The County Courts shall have appellate jurisdiction in criminal cases of which Justice Courts and other inferior courts have original jurisdiction."

Art. 1270 of the Penal Code prescribes the punishment for libel at a fine of not less than one hundred dollars nor more than two thousand dollars or by imprisonment in the county jail not exceeding two years.

A motion to quash presents ordinarily a preliminary question of law. It is one of the steps authorized before a trial on the merits. In such case the actual guilt or innocence of the accused is not in any way involved. If the County Judge can be said to have any interest in a case under such circumstances, it is one too remote, speculative and trivial to disqualify him, in our opinion. To hold that a remotely contingent interest of this kind disqualifies a judge carries with it the implication that the morals and manhood of public servants are on a deplorably low plane and which, we think, is neither demanded in law nor justified in fact. A purely fictitious motion to quash having no merit in fact could thus be made to exalt the shadow above the substance, and to make real what was in fact only a hollow pretense.

Besides, in such event, there would be no court in Texas in which certain misdemeanors, including the one involved in this appeal, could be prosecuted. A holding that the trivial, specu-

lative and remote matter set up by appellant would disqualify all the County Judges in Texas amounts in effect to a destruction, temporarily at least, of a governmental agency set up as part of our organic law by the people for the protection of society and its members, and which has existed for over half a century. Certainly there should exist grave and compelling reasons before striking down such a safeguard of society and which would leave it entirely unprotected from a large class of criminals. The authorities cited above, we think, demonstrate that we would not be legally justified in so holding. The views herein expressed are in harmony and not in opposition to the Tumey opinion, as we construe it.

It is to be further noted that this record fails to disclose that any amount whatever has ever been received as fees in any such character of cases by the judge of the County Court at Law of Harris County, and we are left to speculate as to whether such amounts, if any, are of a substantial character.

As a matter of fact this court knows that the cases are very rare where a fee of the kind in question is ever really involved. So rare in fact that their aggregate amount would be too small to lead us to believe that any judge would ever likely prostitute his office by permitting such a base, unworthy and trivial thing to influence him.

The judgment is affirmed.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.