AMADO VERA, JR. v. THE STATE.

No. 11249. Delivered October 3, 1928.
Rehearing November 7, 1928.

The opinion states the case.

*Canales & McKay* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State Attorney, for the State.

MARTIN, JUDGE.—Offense, aggravated assault; punishment, a fine of $50.00.

A disturbance occurred at a Mexican dance attended by appellant and his brother, Jose P. Vera, the latter being at the time a justice of the peace. Appellant was commissioned by his brother to keep the peace and arrested prosecuting witness, Briomes. Briomes testified:

"He placed me under arrest and hit me over the eye. I was standing when he arrested me and he hit me with a pistol."

Witness Rivera testified:

"Briomes was standing doing nothing when the defendant hit him with the pistol. I do not know why defendant hit Briomes."

Appellant's testimony showed he hit prosecuting witness in self-defense.

It is vigorously contended that since the record shows that appellant was either an officer de facto or de jure that the evidence is insufficient and he should have been acquitted. Appellant's proposition must rest necessarily in its last analysis, upon the hypothesis that an officer has a legal right to assault a prisoner in his charge. This because the quoted testimony above shows an unprovoked assault by appellant, disputed of course by appellant, but the Court heard this issue and decided it with the State, thus concluding this fact question before this Court and leaving only, as we view it, the bare question above stated. That a commission to a peace officer is not a license to commit an assault is not open to controversy. If there was ever any question about so plain a proposition, it is foreclosed by the terms of Art. 241, C. C. P., which provides:

"In making an arrest, all reasonable means are permitted to be used to effect it. No greater force, however, shall be resorted to than is necessary to secure the arrest and detention of accused."

Many cases are cited in Vernon's C. C. P. (1925) under Art. 241 in support of the announcement that an officer "can use violence only in his necessary self-defense."

It is further contended that the County Judge trying this case had a direct personal and pecuniary interest in same and that his judgment was therefore void. The reason given is that the judge is entitled to a fee of $5.00. The exact point has been decided against appellant's contention in the recent case of Richardson v. State, 4 S. W. (2nd) 79. Appellant relies upon the Tumey case by the United States Supreme Court. That case is clearly distinguishable from the instant case. This is made plain in a more recent opinion by the Supreme Court of the United States in which under facts very similar to the instant case it held the trial judge was not disqualified. See Dugan v. Ohio, U. S. Supreme Court Advance Opinions, June 1, 1928. We endeavored to point out in the Richardson case, supra, the distinction between the disqualifying facts which existed in the Tumey case and those pertaining to the disqualification of a county judge in Texas. We regard the reasoning of the United States Supreme Court in the Dugan case, supra, recently decided, as fully sustaining the conclusion we reached in the Richardson case. The Austin Court of Civil Appeals in the case of Joseph v. Travis County, 8 S. W. (2nd) 741, has recently quoted with approval the Richardson case, supra, and in that case expressly decided that a

county judge had no disqualifying interest such as is claimed by appellant in this case.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The announcement of this court in Richardson v. State, 4 S. W. (2d) 79, is deemed decisive of the question presented upon the present appeal touching the claimed disqualification of the county judge. Apparently counsel misapprehends the scope of the Richardson case. In the trial court Richardson was tried on the merits before a jury and his penalty was assessed at a fine of $750.00 from which he regularly appealed to this court. The impression indicated by the appellant's motion for rehearing that the case is distinguishable is erroneous. Touching the fundamental question of the disqualification of the county judge the present case and the Richardson case are upon the same footing. The conclusion reached and stated in the latter case is that under the laws of Texas the compensation of the county judge for the trial of criminal cases is not contingent upon the result, but under the statute (Art. 1052, C. C. P., 1925) the county judge is paid three dollars by the county as compensation for each criminal case tried. The Acts of the 5th Legislature adverted to in the case of Bennett v. State, 4 Tex. Crim. App. 72, in which the compensation of the county judge was made contingent upon conviction has not been in force for many years. As early as 1879 the compensation of the county judge was fixed as it is now and is set forth in the Richardson case, supra, namely, three dollars for each criminal case tried was to be paid by the county. See Acts of 16th Leg., Special Session, Gammel's Laws, Vol. 9, p. 72.

We have failed to find any authentic statement in the record before us to the effect that the county judge of Starr County is controlled in the matter of compensation for the trial of criminal cases by any law other than that embraced in the statutes of 1925 quoted in the Richardson case, supra. In the statement of facts filed in this case, there is no testimony touching the compensation of the county judge. We are referred to the bill of costs in which there

appears an item as follows: "Trial fee, County Judge, $5.00." This cannot be taken as a part of the statement of facts. Other fees of the county judge allowed by law are enumerated in the Revised Civil Statutes of 1925, Arts. 3925 and 3926. In Art. 1074, C. C. P., 1925, it is prescribed that there shall be taxed in each case a *trial fee* of five dollars. Such fee, however, does not go to the county judge, but if collected, is paid into the treasury of the county as is done with the jury fees. Art. 1073, C. C. P., Arts. 1946 and 1947, Revised Civil Statutes, 1925. The compensation of the county judge is in no way affected by the trial fee. Its payment or non-payment is not a matter in which the county judge has a personal interest.

The motion for rehearing is overruled.

*Overruled.*