

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~ATTORNEY WILLIAMS~~
ATTORNEY GENERAL

Hon. B. J. Stewart
County Attorney
Real County
Camp Wood, Texas

Dear Sir:

Opinion No. O-594

Re: When is a Justice of the Peace entitled to his trial
fees in a case he has tried, and is he entitled to
any fees in cases filed by complaint but dismissed
by motion of the county attorney?

Your request for an opinion on the above stated question has been received
by this office.

Article 1052, Code of Criminal Procedure, reads as follows:

"Three Dollars shall be paid by the County to the County Judge, or
Judge of the Court at Law, and Two Dollars and fifty cents shall be
paid by the county to the Justice of the Peace, for each criminal action
tried and finally disposed of before him. Provided, however, that in
all counties having a population of 20,000 or less, the Justice of
thePeace shall receive a trial fee of Three Dollars. Such Judge or
Justice shall present to the Commissioners' Court of his county at a
regular term thereof, a written account specifying each criminal action
in which he claims such fee, certified by such Judge or Justice to be
correct, and filed with the County Clerk. The Commissioners' Court
shall approve such account for such amount as they find to be correct,
and order a draft to be issued upon the County Treasurer in favor of
such Judge or Justice for the amount so approved. Provided the Com-
issioners' Court shall not pay any account or trial fees in any case
tried and in which an acquittal is had unless the State of Texas was
represented in the trial of said cause by the County Attorney, or his
assistant, Criminal District Attorney, or his assistant, Criminal
District Attorney or his assistant, and the certificate of said Attor-
ney is attached to said account certifying to the fact that said cause
was tried, and the State of Texas was represented, and that in his
judgment there was sufficient evidence in said cause to demand a trial
of same."

The plain and specific language of the above quoted statute in that the
judge or justice of the peace must both try and finally dispose of the case
before him to be entitled to the fee provided therein.

In the case of Brackenridge vs. State, 11 SW 630, the court, in passing upon a similar question used the following language:

> "The case must have been tried and finally disposed of before him, he must both try and finally dispose of it, such is the plain language of the statute, a trial is an examination before a competent tribunal, according the laws of the land, of the facts put in issue in a case, for the purpose of determining such issued.

> "A dismissal of a case is to send it out of a court without a trial upon any issue involved in it. It is the final disposition of that particular case, but is not a trial of it."

In the case, Richardson vs. State, 4 SW 2nd 79, holds in effect that when a case was disposed of on motion to quash, the county judge was entitled to a fee under Article 1052, Code of Criminal Procedure, payable by the county. We do not think the case establishes a different rule as laid down in the case of Brackenridge vs. State, 11 SW 630, supra, for there is a distinction in a motion to quash and a motion to dismiss.

You are respectfully advised that it is the opinion of this Department that in compliance with Article 1052, Code of Criminal Procedure, the Commissioners' Court must at a regular session pay to the justice of the peace the fee as provided by such statute for each criminal action tried and finally disposed of before him.

You are further advised that the justice of the peace is not entitled to such fee where there is no trial of the case before him but is dismissed upon motion of the county attorney.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours,

ATTORNEY GENERAL OF TEXAS

s/ Ardell Williams

By
Ardell Williams
Assistant

AW:AW

APPROVED:
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS