**Russell Everett CHAMBERLAIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42500.**

Court of Criminal Appeals of Texas.

March 25, 1970.

Rehearing Denied May 27, 1970.

Grady Hight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Rufus J. Adcock, Ronald W. Quillin and Truman Power, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

The conviction is for robbery by assault; the punishment, sixty years.

The sufficiency of the evidence is not challenged.

■ Appellant contends in the first ground of error that the trial court erred in refusing to postpone the trial, because Charles E. Hardin, a co-indictee, had escaped and had been shot and returned to custody and this had caused publicity. In the alternative he asked the court to instruct the prosecution not to mention the name of Charles E. Hardin.

Appellant introduced three articles that had appeared in the Fort Worth newspapers relating to Hardin's escape. Appellant's name did not appear in the articles. There is no showing any of the prospective jurors had read or were prejudiced by the articles. No abuse of discretion of the trial court for refusing a postponement is shown.

During the trial there was an abundance of testimony that Hardin as well as appellant participated in the alleged robbery of the A & P Store. Such testimony was admissible against appellant. There was no error for refusing to instruct the prosecuting attorneys to refrain from mentioning the name of Hardin. The first ground of error is overruled.

■ In his second ground of error, it is contended that the trial court erred in refusing to disqualify the prospective juror Reynolds when he answered on voir dire examination that he would be prejudiced against appellant "if proof of a robbery existed."

The prospective juror was asked "[i]f you would be prejudiced against this man if the testimony disclosed that a serious crime such as the crime of robbery has occurred? * * *" His answer was, "Not against him personally, I'd be against the

crime, the crime itself, you know." In response to questions by the court he further testified that he had no bias or prejudice against appellant but his prejudice was against the crime itself.

It is not error to refuse to disqualify a prospective juror who is prejudiced against the commission of a crime. Wilson v. State, 436 S.W.2d 542.[1]

■ The third ground of error is based on the fact that the trial judge would not disqualify himself, because appellant had filed a civil case against him and one of the prosecutors for some $250,000.

After the indictment was read, appellant asked the trial judge to disqualify himself because of the civil action pending against him. The petition alleged that the judge and one of the prosecutors had damaged appellant "[B]y using slander statements and illegal incarceration and by a contrived conviction." He alleged that the prosecutor used inflammatory remarks in the closing argument of a (previous) trial, and that the court granted a mistrial. General allegations were made that the court had denied his constitutional and statutory rights.

After the petition was introduced, the following occurred:

"MR. HIGHT: (Counsel for appellant) I believe that is the extent of our Motion, that because the Court is personally involved with a financial interest with this same man, we'd like the Court to refuse—

"THE COURT: Also let the record show that at the same time this Defendant sued me, one of the other Defendants sued me too, and I understand they had one man in jail that was writing petitions for all the other men who wanted to sue a Judge."

The judge stated: "And with reference to this suit, I doubt whether it even alleges

a cause of action, and the Court is not particularly disturbed by it," and he then denied the motion to disqualify himself.

In Ex parte Largent, 144 Tex.Cr.R. 592, 162 S.W.2d 419, this Court stated:

"Under the Constitution (Art. V, Sec. 11) and laws of this state (Art. 552, C. C.P.), a judge is disqualified from sitting or acting as such in a criminal case when: (a) He is interested in the case; (b) he has been counsel for the State or accused; (c) he is related to accused or injured party within the third degree. These grounds of disqualification are exclusive. Berry v. State, 83 Tex.Cr.R. 210, 203 S.W. 901; Williams v. State, 126 Tex.Cr.R. 42, 69 S.W.2d 759.

"The term 'interested in the case' means a direct interest in the case or matter to be adjudicated so that the result must, necessarily, affect his personal or pecuniary loss or gain. Ex parte Kelly, 111 Tex.Cr.R. 54, 10 S.W.2d 728; Hubbard v. Hamilton County, 113 Tex. 547, 261 S.W. 990; Richardson v. State, 109 Tex.Cr.R. 148, 4 S.W.2d 79; Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L. Ed. 749, 50 A.L.R. 1243."

Here appellant has not shown any bias or prejudice on the part of the trial judge nor has he alleged any facts that would show any pecuniary interest of the judge on the outcome of the present case. If the mere filing of a civil action against the judge presiding at a criminal case would disqualify him, then any judge would be subject to disqualification at the whim of a defendant. Such practice, if allowed, could delay or prevent the trial of a case.

No error is shown; the third ground of error is overruled.

■ In the fourth ground of error, appellant complains that the overruling of a motion for mistrial was error, after he got into a scuffle with the sheriff's deputies in the presence of the jury.

---

1. This is quite different from being prejudiced against the person accused of committing a crime.

During the trial, the State asked that the co-indictee Hardin be brought in the courtroom for identification purposes. As Hardin was brought in, he resisted and fought with the officers, and the appellant joined the scuffle and began to kick the officers. After order had been restored, appellant requested a mistrial on the grounds of the scuffle or fight in the courtroom. This contention, if upheld, would permit a defendant to take advantage of his own misconduct, and the attempted administration of justice would be reduced to a mockery.

If a witness or a defendant is not satisfied with the rules or if he thinks they are unfair and unconstitutional, he has a right to test them in the appellate courts and this does not include the right to fight the officers in the courtroom or otherwise disrupt the proceedings. The rules of procedure, like our substantive law, apply to everyone; those who violate them should know that they must suffer the consequences, especially those who would like to disrupt the orderly administration of justice and eventually destroy our judicial system.

If adopted, appellant's contention would be a step in that direction, and it is overruled.

In the fifth ground of error, appellant contends that evidence seized from him at the time of his arrest was inadmissible, because there was no offense being committed and no probable cause for the arrest, and that the evidence later seized from the co-indictee Hardin was inadmissible, because appellant was not present at the time of Hardin's arrest.

The record reflects that appellant was arrested in a 1963 model red and white Ford automobile with a large U-haul trailer hitch attached, which had been described to the officers as the one that the robbers had been in at the store an hour before the commission of the offense. At the time of his arrest, appellant was driving slowly and crossing the center line of the road. He appeared to be intoxicated.

There is sufficient evidence to show that the officers had probable cause to make the arrest, because they knew that the robbery had been committed and had been informed that the robbers had been in the automobile just like the one he was riding in a short time before the offense. See Article 14.04, Vernon's Ann.C.C.P., and Trammell v. State, Tex.Cr.App., 445 S.W. 2d 190. The arrest was also justified under Article 803, Vernon's Ann.P.C., which authorizes an officer to arrest without a warrant anyone driving a motor vehicle on a public street while intoxicated.

At the time of the arrest, an officer found some ammunition in appellant's pocket, a pistol under the seat of the automobile, and a key to the motel room. Officers then took the key, went to the motel room and arrested Charles Hardin upon an outstanding warrant for murder. In the room they found a pistol and some ammunition.

Prior to the admission of the guns and the ammunition into evidence, employees of the store had testified that both Hardin and the appellant had fired one time each while in the store. Empty shell casings were found at the store which were shown to have come from the gun of each robber.

No error is shown; the fifth ground of error is overruled.

In the sixth ground of error, it is contended that appellant had admitted a prior conviction and the trial court erred in admitting into evidence penitentiary records showing the conviction.

Assuming that the ground of error is sufficient under Article 40.09, Sec. 9, V.A. C.C.P., the question will be discussed.

At the guilt stage of the trial appellant testified on direct examination that he had been convicted for car theft, placed on probation, which had been revoked, and that he had been out of the penitentiary five months when he was arrested in the present case.

Appellant's counsel objected to the introduction of his prison records on the grounds that it was improper impeachment procedure and because appellant had admitted the prior conviction and that there was no such crime as theft of an automobile.

The State introduced before the jury the judgment, the order revoking probation, the sentence, and appellant's fingerprint card and photograph.[2]

In St. John v. State, 427 S.W.2d 862, this Court had before it a somewhat similar situation at the penalty stage of the trial where a twenty-year-old defendant proved that he had been in institutions for six years, and during cross-examination he testified over objection that he had been in institutions since he was thirteen years of age and that he was committed for murder. His counsel objected that this was proving a juvenile record, and it was overruled. This Court stated that it showed how much time he had spent in confinement including that as a juvenile delinquent as well as the time in the State Department of Corrections and held: "[h]e is therefore now precluded from complaining of the state's pursuit of the same matter on cross-examination. See Vasquez v. State, 415 S.W.2d 188, Tex.Cr.App., and cases cited. See also Art. 38.24, Vernon's Ann.C.C.P." No reversible error is shown.

The sixth ground of error is overruled.

■ In the seventh ground of error, complaint is made that reversible error was committed when the court permitted reputation witnesses to testify concerning appellant's reputation as a peaceable law-abiding citizen when they did not know him prior to his arrest and did not know anyone in the vicinity where he resided.

At the penalty stage of the trial several officers who had not known him prior to his arrest testified that appellant's reputation was bad. This Court has held that a witness who has known defendant only since the time of his arrest may testify at the penalty stage of the trial that his reputation as a peaceable law-abiding citizen was bad. Ballew v. State, Tex.Cr.App., 452 S.W.2d 460 (No. 42,581); Wilson v. State, 434 S.W.2d 873, and Broadway v. State, 418 S.W.2d 679.

■ Complaint is made in the eighth ground of error that the trial court would not provide funds for the hiring of a private investigator to question the jury concerning possible jury misconduct under Article 26.05, Sec. 1(c), V.A.C.C.P., which provides for the payment "[F]or expenses incurred for purposes of investigation and expert testimony, not more than $250.00; * * *" The court denied the request for such funds.

Jurors are not required to discuss what transpired in the jury room. We are not disposed to hold that a trial court should order, at the expense of the county, money to be paid for an investigator to question jurors who are not required to disclose what happened during their deliberations.

The record shows that appellant's counsel at his own expense engaged a private investigator who found no jury misconduct. The investigator reported that the jurors would not discuss what happened in the jury room with him. Appellant has not shown that an investigator paid by Tarrant County would have accomplished more than the investigator paid by appellant's counsel.

Our statutes do not require a trial court to see that funds are provided to search for possible jury misconduct. The eighth ground of error is overruled.

The court was commendably patient with appellant during the trial, no bias, prejudice or reversible error has been shown; the judgment is affirmed.

2. The indictment was introduced before the court but not before the jury. It alleged in substance that appellant stole an automobile of the value of $50.00 from Jack Phillips.