Opinion issued February 17, 2005



     









In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00629-CR




MICHAEL TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 268th District Court 
Fort Bend County, Texas
Trial Court Cause No. 38,716




MEMORANDUM OPINION

          A jury convicted appellant, Michael Taylor, of aggravated sexual assault, and
the court sentenced him to confinement for 10 years. In addressing appellant’s two
issues, we determine (1) whether the trial court “erred in requiring appellant to enter
a plea for himself in front of [the] jury” and (2) whether the trial court properly
refused to grant a mistrial.
          We affirm.
Background
          Before trial, defense counsel filed a motion to withdraw as appellant’s attorney
on the ground that appellant had filed, pro se, various documents with the trial court
in which appellant contended that the trial court had no jurisdiction over him. The
motion to withdraw stated that appellant had directed defense counsel to proceed
solely on these documents as appellant’s only defense. Defense counsel informed the
court that he could not do so in good conscience. Counsel further informed the trial
court that appellant did not want defense counsel to continue representing him. The
motion concluded, “There is an irreversible conflict between Defendant and
Counsel.”
          The trial court heard the motion to withdraw in a pre-trial hearing. As part of
the hearing, the court allowed appellant to present his pro se argument, as stated in
“his paperwork,” that the trial court lacked jurisdiction over him. The trial court
concluded that it had jurisdiction and also denied defense counsel’s motion to
withdraw. 
          After the jury was sworn in this case, but before they entered, the following
exchange occurred: 
THE COURT: Is there any matter we need to take up before I bring the
jury in?
 
[Defense counsel]: Yes, sir, just one second. Your Honor, I have
conferred with [appellant], and he has asked to be arraigned in front of 
the jury and will not enter a plea, but his answer to me has been that he
will continue to stand on his paperwork that he has submitted. I would
ask the Court to have the prosecutor read the indictment and the Court
to inform the jury that a plea of not guilty has been entered for the
defendant, without having him to make that response before the jury.
 
THE COURT: Your request is denied, but I’ll think about it.
 
[Defense counsel]: Okay.

          The jury was then brought in and the State read the indictment. At that point,
the record reflects the following:
THE COURT: To the allegations in the indictment, how does the
defendant plea? You will need to stand and I will need to get an answer
from you. Stand up, Mr. Taylor.
 
THE DEFENDANT: Your Honor–
 
THE COURT: Stand on your feet when you address the Court. Stand
him up, bailiff.
 
THE BAILIFF: Stand up, stand up.
 
[Defense counsel]: We move for a mistrial, Your Honor.
 
THE BAILIFF: Face the Judge—get up.
 
THE DEFENDANT: I will stand on my paperwork, Your Honor.
 
THE COURT: The defendant refusing to enter a plea, the Court will
enter a plea of not guilty for him. You may be seated. You may proceed
with your opening statement.
 
[Defense counsel]: Your Honor, due to the inflammatory nature of this
arraignment, we move for a mistrial. It prejudices this jury, and we
would ask for a mistrial.
 
THE COURT: Your request is denied.

Entry of Not Guilty Plea
          In his first issue, appellant contends that the trial court “erred in requiring
appellant to enter a plea for himself in front of [the] jury.” Pursuant to Code of
Criminal Procedure article 36.01, which governs the order of proceedings in a jury
trial, a plea of not guilty, if made, is made after the indictment is read. See Tex. Code
Crim. Proc. Ann. art. 36.01(a)(2) (Vernon 2004-2005). A not-guilty plea may be
made by either the defendant or his counsel. Tex. Code Crim. Proc. Ann. art.
27.16(a) (Vernon 1989). Article 27.16(a) also provides, “If the defendant refuses to
plead, the plea of not guilty shall be entered for him by the court.” Id. The Court of
Criminal Appeals recently recognized, “[A]rticle [27.16(a)] gives the trial court a duty
in the absence of action by the defendant.” Mendez v. State, 138 S.W.3d 334, 343
(Tex. Crim. App. 2004). 
          Appellant cites no authority holding that the trial court has a duty to enter a
defendant’s not-guilty plea on his behalf based on a request made before the
indictment has been read and before the defendant has an opportunity to make his
own plea. To the contrary, the trial court in this case followed the statutorily-mandated order of proceedings. The court gave appellant the opportunity to enter a
not-guilty plea after the indictment had been read. Given the pre-trial proceedings
pertaining to the motion to withdraw, in which a potential conflict between appellant
and his defense counsel were addressed, the trial court likely believed that the most
cautious course of action would be to give appellant the opportunity to enter his own
plea. When appellant gave a non-responsive answer, the trial court then followed the
statutory mandate of entering the non-guilty plea on appellant’s behalf. 
          Appellant implies that the trial judge had some ill motive in denying defense
counsel’s request to enter the non-guilty plea on appellant’s behalf without giving 
appellant the opportunity to enter his own plea. Specifically, appellant contends that
the trial judge strove to discredit appellant. Appellant asserts that the trial judge knew
that he would be non-responsive when asked for a plea and that the jury would view
such non-responsiveness negatively. Despite the seriousness of the accusations,
appellant has failed to provide any support in the record for attributing improper
motives to the trial judge, and the record on its face certainly supplies none.


 
          We overrule appellant’s first issue.
 
Mistrial
          In his second issue, appellant contends that the trial court “erred” in requesting 
the bailiff to stand appellant up when addressing the court. Appellant contends that
the trial judge knew that appellant would rebel and refuse to stand. Appellant asserts
that the trial court “precipitated a confrontation,” which resulted in appellant’s rights
being prejudiced. We construe this issue broadly to include a challenge by appellant
to the trial court’s denial of his motion for mistrial.
          We review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard. Trevino v. State, 991 S.W.2d 849, 851 (Tex. Crim. App. 1999). 
Mistrial is an extreme remedy for prejudicial events occurring during the trial process. 
Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).
          We begin by noting that a trial judge, as the guardian of the court in which he
or she presides, is charged with enforcing the rules of decorum and protecting the
dignity of the proceedings. In this regard, the trial judge in this case was within his
authority when he required appellant to stand as would be expected of any party
addressing the court. When appellant refused to stand, the trial judge was equally
entitled to enforce this rule of decorum. As discussed above, appellant has failed to
cite any portion of the record supporting his accusations that the trial judge
purposefully conducted the proceeding in a manner designed intentionally to
prejudice appellant. 
          Notably, appellant expects us to overlook his role in what occurred during the
arraignment. We will not. Texas courts have long refused to permit an accused to
profit by his own misconduct to achieve a mistrial. See Chamberlain v. State, 453
S.W.2d 490, 493 (Tex. Crim. App. 1970) (concluding trial court appropriately denied
motion for mistrial after defendant scuffled with sheriff’s deputies in front of jury). 
The Court of Criminal Appeals in Chamberlain recognized that, if a defendant was
allowed to profit from his own misconduct, “the attempted administration of justice
would be reduced to a mockery.” Id. The court further reasoned:
If a witness or a defendant is not satisfied with the rules or if he thinks
they are unfair and unconstitutional, he has a right to test them in the
appell[ate] courts and this does not include the right to fight the officers
in the courtroom or otherwise disrupt the proceedings. The rules of
procedure, like our substantive law, apply to everyone; those who
violate them should know that they must suffer the consequences,
especially those who would like to disrupt the orderly administration of
justice and eventually destroy our judicial system.

Id. We agree with the Chamberlain court’s reasoning and hold that the trial court did
not abuse its discretion in denying appellant’s motion for mistrial.
          We overrule appellant’s second issue.
 

Conclusion
          We affirm the judgment of the trial court.




                                                                        Laura Higley
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish. Tex. R. App. P. 47.2(b).