# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00024-CV

### In re Walter Demond

## NO. 03-10-00027-CV

### In re Bennie Fuelberg

## ORIGINAL PROCEEDINGS FROM BLANCO COUNTY

## M E M O R A N D U M   O P I N I O N

Petitioners Walter Demond and Bennie Fuelberg request mandamus relief with respect to the orders of Judge Bert Richardson denying the Motion to Disqualify or Recuse Judge Dan Mills from serving as the trial judge in the underlying criminal causes in which Petitioners are defendants. The Petitioners seek to have Judge Mills disqualified or recused from serving in the criminal cases based on the contention that Judge Mills has a financial "interest" in the cases because he is a member of Pedernales Electric Cooperative, Inc. (the "PEC") by virtue of his being a property owner in the PEC's service area and obtaining electrical service from the PEC. Petitioner argues that in the event there is a conviction in either case, Judge Mills may preside over sentencing that could include possible restitution to the PEC and that could, thereby, potentially

benefit Judge Mills as a member of the PEC.  Petitioners argue that this is a sufficient interest in the cases to require disqualification or recusal of Judge Mills.

Judge Richardson held hearings on Petitioners' motions on October 1, 2009, and November 23, 2009.  The court received evidence and made findings of fact and conclusions of law.  The court entered an order denying the motions to disqualify or recuse on November 30, 2009, and a supplemental order explaining his reasoning on December 14, 2009.  Judge Richardson was very thoughtful and thorough in his consideration of the evidence and the applicable law.  He noted that Judge Mills has been a member of the PEC since 1980 and receives his electricity service through the PEC.  Judge Mills is one of over 200,000 members served by the PEC.  In the event that either Petitioner is convicted and ordered to pay any restitution to the PEC, such funds will be available to PEC members only if the PEC board votes to pay out a dividend of any or all of the funds, and Judge Mills's interest in such a dividend would be (1) the same as every other property owner in the PEC service area, and (2) de minimis.[1]

We agree with Judge Richardson's analysis in his supplemental order, and we agree that this "interest" is akin to the interest a judge might have in a case as a result of being a taxpayer in a district affected by a piece of litigation or a customer in an area served by a utility provider who is involved in a case before the judge.  Under current law, this is not the sort of interest that will require disqualification or recusal.  *See Hidalgo County Water Improvement Dist. No. 2 v. Blalock*,

---

[1]  The evidence demonstrated that any interest Judge Mills may have in funds that might be paid to PEC members as a part of surplus that might result from an order of restitution that might result from a conviction—a true contingency—will likely be measured in cents and, at the very most, a few dollars.

2

301 S.W.2d 593, 596 (Tex. 1957) (in lawsuit between water improvement districts, judge not disqualified by virtue of his being patron of water system); *Richardson v. State*, 4 S.W.2d 79, 81-82 (Tex. Crim. App. 1928) (judge in criminal case not disqualified for matter that is "trivial, speculative, and remote"); *Scown v. City of Alpine*, 271 S.W.3d 380, 383-84 (Tex. App.—El Paso 2008, no pet.) (fact that judge is taxpayer does not require recusal); *Rio Grande Valley Gas Co. v. City of Pharr*, 962 S.W.2d 631, 638-39 (Tex. App.—Corpus Christi 1997, pet. dism'd w.o.j.) ("It is well-established that an interest held by a judge which is common with that of the public is not disqualifying.").

The Petitions for Writ of Mandamus are denied.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Filed: February 19, 2010

3