WILLIE LEWIS V. THE STATE.

No. 10996.   Delivered October 12, 1927.

Rehearing granted December 14, 1927.

1.—Aggravated Assault—Charge of Court—On Reasonable Doubt—Properly Presented.

Where, on a trial for an assault to murder, appellant claimed self-defense, the requested charge of appellant, which was given in connection with the court's main charge, correctly presented the doctrine of reasonable doubt and properly applied same to the defensive theory of self-defense.

2.—Same—Charge of Court—On Provoking the Difficulty—Properly Presented.

In the instant case the evidence clearly raised the issue of provoking the difficulty and the court properly charged the jury in submitting the issue.   See Branch's Ann. P. C., Secs. 1952-1954, also Monday v. State, 232 S. W. 831.

3.—Same—Charge of Court—On Self-Defense—No Error Shown.

Where the court, in submitting the law of self-defense in his charge, directed the attention of the jury to the charge on provoking the difficulty in succeeding paragraph of his charge, this was proper practice, and was not a limitation of the charge on self-defense.

4.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant complains that the state was permitted to impeach the defense witness Ted Jones on a collateral and immaterial matter, and his bill of exception fails to properly negative the materiality of the impeaching testimony, no error is presented.

5.—Same—Bill of Exception—Incomplete—No Error Shown.

Where appellant, on trial for an assault to murder, complains of the admission of testimony that a witness had seen appellant with a knife, prior to the assault, on the ground that the testimony was irrelevant and immaterial, and the bill of exception fails to negative that the testimony raised such an issue, the bill presents no error.

6.—Same—Requested   Charges—Covered   by   Main   Charge—Properly Refused.

Where appellant complains of the refusal of the court to give three requested charges on self-defense, and it appears that the court's main charge, together with requested charges which were given, fully defined and appropriately applied, the law of self-defense to the facts in the case, other requested charges were properly refused.

ON REHEARING.

7.—Same—Impeaching Witness—By Hearsay Testimony—Improper.

On further consideration on rehearing we are convinced that the impeachment of the defense witness Ted Jones was erroneous.   The impeaching testimony was hearsay, was material to the issue of self-defense, and should not have been admitted.   See Mitchell v. State, 204 S. W. 767.

Appeal from the District Court of Wichita County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for an aggravated assault, penalty a fine of $50 and six months in the county jail.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.   On impeaching witness by hearsay on collateral issue, appellant cites:  Bryan v. State, 234 S. W. 83; Mitchell v. State, 204 S. W. 767; Casey v. State, 90 S. W. 1018; Finks v. State, 209 S. W. 154.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment a fine of fifty dollars and six months' confinement in jail.

Appellant was convicted of an aggravated assault under an indictment charging him with an assault with intent to murder. The facts upon which the prosecution was based are briefly as follows:  Appellant, with three others, went to a restaurant where Gus Reeves, the injured party, was working, and ordered a certain kind of pie.   Not having the kind of pie they ordered, Reeves gave appellant and his companions three orders of peach pie.   Whereupon appellant stated to Reeves that he did not order that kind of pie and Reeves told him that it was the only kind of pie he had.   Appellant then cursed Reeves, calling him a m———— f———— s———— of b————.   Reeves told appellant that he was afraid of him (appellant).   Appellant began cutting at Reeves over the counter, using what was termed an East Dallas Special knife.   In endeavoring to get away from appellant, Reeves backed down the counter toward the kitchen, but before he reached the kitchen door appellant had cut him between the fingers.   Appellant followed Reeves to the kitchen, where he cut his hand and arm.   Reeves secured a knife from a rack in the kitchen and stabbed and cut appellant.   Appellant secured a butcher knife when they reached the kitchen, with which he stabbed and cut Reeves.   Appellant and Reeves were severely injured, and the knives used by them were shown to be deadly weapons.  Reeves testified that after they reached the kitchen appellant said:  "You m———— f————r, I ought to kill you."

Appellant defended on the ground that Reeves attacked him with a knife, stabbed and cut him, and that he cut Reeves, with

no intention of killing him, but for the purpose of stopping the attack and protecting his (appellant's) life.

Appellant contends that the trial court erred in his charge in not applying the doctrine of reasonable doubt to his instruction on the law of self-defense. Inspection of the record discloses that the court gave a charge requested by appellant, which reads as follows:

"You are charged as part of the law in this case, if you find and believe from the evidence, or have a reasonable doubt thereof, that at the time that the defendant assaulted Gus Reeves, if he did so assault him, that at that time, the defendant had a reasonable apprehension of death or serious bodily injury, said defendant was justified in using all the force necessary to protect his person or his life; and it is not necessary that there be actual danger, provided said Willie Lewis acted on a reasonable apprehension of danger viewed from the defendant's standpoint at the time. And if you find that such reasonable apprehension of death or serious bodily injury existed at the time of the assault, if any by the defendant, you will find the defendant not guilty of any offense, and so say by your verdict."

Considering the charge above quoted in connection with the court's main charge, we are constrained to hold that the doctrine of reasonable doubt was properly applied to the instruction covering self-defense. In addition to applying the doctrine of reasonable doubt to the requested instruction on the law of self-defense, the court applied such doctrine generally to the entire case.

We are unable to agree with appellant's contention that the court erred in submitting to the jury a charge on provoking a difficulty. The testimony in the record in our opinion authorized the court to submit that issue. See Branch's Annotated Penal Code, Secs. 1952-1954; Monday v. State, 232 S. W. 831.

We do not think the court's charge is subject to appellant's criticism that the jury were not informed in the charge on self-defense that they should acquit appellant if they had a reasonable doubt that he believed he was in danger of death or serious bodily injury at the time of the assault on the injured party. The requested charge on this issue, hereinbefore set forth, and the court's main charge, when considered together, sufficiently presented to the jury the issue of self-defense, viewed from appellant's standpoint.

Appellant's next contention is that the court's charge on the law of self-defense is not distinct, in that said charge is not free from the issue of provoking the difficulty. Timely excep-

tion was taken to the charge and the matter is now brought before us for review by appellant's bill of exception No. 1. After applying the doctrine of self-defense to the facts, the court referred to the charges thereinafter given on the doctrine of provoking a difficulty, but in no manner attempted to give an instruction covering the doctrine of provoking the difficulty in immediate connection with the charge on self-defense. The jury were instructed, in substance, that they should acquit the defendant under the charge given to them on the law of self-defense if they believed that appellant believed himslf in danger of losing his life or of serious bodily injury at the time he cut the injured party with a knife, unless they found under the charges thereinafter given that appellant provoked the difficulty and by his own wrongful act brought on the necessity of defending himself. In the requested instruction given by the court covering the law of self-defense no reference was made to the charge on the doctrine of provoking the difficulty, and such instruction was entirely free from any other issue raised by the evidence. In this condition of the record we are unable to reach the conclusion that the reference of the court to the doctrine of provoking the difficulty could have resulted in injury to appellant. We therefore hold that appellant's bill of exception in this respect discloses no prejudicial error.

By bill of exception No. 4 appellant complains of the action of the trial court in permitting the state to impeach appellant's witness, Robert Jones, on an immaterial and collateral matter. The recitals in the bill show that the District Attorney asked the witness Jones on cross-examination if he had not told Officer Timmons on the night of the assault that appellant had told him on the night before that he was going to kill him a negro by Chirstmas. The witness, being required to answer, denied that he made this statement to the officer. Whereupon the officer was placed on the witness stand by the state and testified that the witness had made the statement to him. Appellant's objection to this testimony was that it was an attempt to impeach a witness on an immaterial and collateral matter and that the state was bound by the answer of the witness. The record discloses that the statement attributed to appellant had been made in the presence of the state's witness Jessie Leroy about a week before the difficulty between appellant and Reeves. If, in fact, appellant had made the statement under conditions that might properly have included the injured party in the threat, it would then have become material as bearing on appellant's state of mind at the time of the difficulty and more par-

ticularly as being pertinent to the issue of provoking the difficulty. The bill of exception is insufficient to negative the materiality of the testimony. Indulging the presumption that the ruling of the trial court was correct in admitting the testimony, we are constrained to overrule appellant's contention that the matter inquired about was immaterial and collateral. It follows that appellant's objection to the admissibility of the testimony on the ground that it was an attempt to impeach a witness on an immaterial and collateral matter was not well taken.

By bill of exception No. 5 appellant complains of the action of the trial court in permitting the state's witness, Jessie Leroy, to testify that appellant carried a knife and that he once saw appellant with an open knife. Objection to this testimony was that it was irrelevant and immaterial. If there was any issue in the testimony as to whether appellant carried a knife, this testimony may have properly been relevant to such issue. There are no recitals in the bill of exceptions negativing the idea that the testimony raised such an issue. In this condition the bill is sufficient to manifest error, and appellant's contention must be overruled.

By bills of exception Nos. 6, 7 and 8 appellant complains of the action of the trial court in refusing to give certain instructions designed to cover the law of self-defense. An inspection of the court's main charge and of the requested instructions given by the court, discloses that the law of self-defense was fully defined and appropriately applied to the facts of the case. Appellant's bills, therefore, manifest no error.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant insists in his motion for a rehearing that we made an incorrect appraisal of his bill of exception No. 4. Our examination of the matter in the light of appellant's motion convinces us that his contention is well taken. The bill shows that Ted Jones, a witness for appellant, had testified to material facts bearing on the issue of self-defense; that upon cross-examination of said witness by the state he was asked if he had not told Officer Timmons that appel-

lant told him, Jones, that he, appellant, was going to kill him a negro by Christmas; that the witness Jones denied making such statement to Timmons; and that Timmons was then placed upon the stand by the state and testified that Jones made the statement to him. As shown by the bill appellant was not present at the time Timmons had the conversation with Jones. Moreover, the bill shows that the matter had not been gone into by appellant. In our original opinion we discussed the matter complained of in this bill in the light of appellant's objection that the testimony was improper in that it was an effort on the part of the state to impeach the witness on an immaterial and collateral matter. We note now that the bill shows that appellant also objected to the testimony on the ground that it was hearsay. This objection was well taken. The testimony was hearsay and was inadmissible even for the purpose of impeaching the witness. See Mitchell v. State, 204 S. W. 767. It is obvious that the facts elicited from the witness Timmons, under the guise of impeaching the witness Jones, were calculated to prejudice appellant.

We have not undertaken to discuss the remainder of appellant's assignments of error.

Appellant's motion for rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is now reversed, and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.