**In re Charles Edward LINCOLN, III.**

**No. 03–03–00459–CV.**

Court of Appeals of Texas,
Austin.

Aug. 22, 2003.

Francis Williams Montenegro, Law Office of Francis W. Williams Montenegro, Austin, for Relator.

James Todd, Asst. Atty. Gen., General Litigation Division, Austin, J. Randall Grimes, Grimes & Copenhaver, Georgetown, Laurie Nowlin, Akins & Nowlin, P.C., Round Rock, Real Party In Interest.

Before Chief Justice LAW, Justices B.A. SMITH and PURYEAR.

## OPINION AND ORDER
## TO SHOW CAUSE

PER CURIAM.

Relator Charles Edward Lincoln, III brings this original proceeding[1] seeking mandamus relief from the denial of a motion to recuse the district judge presiding over Lincoln's divorce action. His complaint is that his motion was summarily denied without a hearing. We will deny mandamus relief. Additionally, we hold that this mandamus proceeding is groundless as a matter of law and that the underlying motion to recuse is also groundless on its face. Lincoln and his counsel are ordered to show cause why this Court should not impose sanctions on each of them. Tex.R.App. P. 52.11(a); *see also* Tex.R.App. P. 45.

## FACTS

Lincoln is the respondent in a divorce and custody action filed by his wife in Williamson County. The district judge, Michael Jergins, in whose court the divorce action is pending, apparently issued temporary orders granting custody of a child to Lincoln's wife and ordering Lincoln not to discuss the divorce with the child and not to visit the child at school. On May 28, 2003, Lincoln filed his first motion to recuse Judge Jergins; he did not provide us with copies of this first motion, but he states that in it he "question[ed] [Judge Jergin's] jurisdiction and his ability to be fair in light of Relator's complaint of [Judge Jergin's] lack of jurisdiction." Lincoln admits that he received a hearing on his first recusal motion. The presiding judge of the administrative district, the Honorable B.B. Schraub, overruled the motion on June 20.

Unsatisfied, on June 24, Lincoln filed a civil rights lawsuit in federal court against Judge Jergins, asserting that the judge "was acting without jurisdiction to the distress of Relator's constitutional rights to free speech and to obtain a divorce." Lincoln has not favored us with a copy of the filings in his federal case, but states that in it he seeks "monetary damages for the violation under color of law of his constitutional rights."

On June 27, Lincoln filed a Renewed Motion to Recuse the Honorable Michael

---

1. This is the second mandamus proceeding Lincoln has filed in this Court arising from his divorce case. On June 12, 2003, this Court denied his other petition for writ of mandamus in Cause No. 03–03–00284–CV in an unpublished opinion. Lincoln complained in that proceeding of alleged venue and freedom of speech violations by Judge Jergins.

Jergins, alleging that Judge Jergins "now had a 'financial interest' in the case before him, could not be fair, and should be recused on this basis which had arisen since the denial of the June 20th Motion for Recusal." Lincoln specifically requested that the second recusal motion be heard before a July 7 hearing in which Judge Jergins was set to decide contempt allegations against Lincoln for violating an injunction pertaining to the child.

The record in this original proceeding does not contain a copy of any order by Judge Jergins referring the second recusal motion to the administrative judge. However, some type of referral was made because it was the administrative judge, Judge Schraub, who ruled on the second recusal motion about which Lincoln complains. The order states in pertinent part:

On this the 2nd day of July, 2003, came on to be considered the Motion to Recuse filed in this Cause by the Movant, Charles Edward Lincoln, III.

The undersigned, having reviewed the Motion, makes the following findings:

1. The Motion fails to allege grounds for which recusal might lie, in accordance with the provisions of the Texas Rules of Civil Procedure.

2. It is proper and appropriate under the circumstances to rule on said Motion without the necessity of a hearing.

It is therefore ORDERED that the Motion to Recuse is and the same is hereby denied."

At the July 7 contempt hearing, Judge Jergins found Lincoln in criminal contempt and sentenced him to 120 days in jail, suspended in lieu of one year of community supervision.

## DISCUSSION

Lincoln characterizes the issue raised in this proceedings as whether "upon the filing of a subsequent Motion to Recuse with a basis independent of a prior Motion to Recuse, an administrative judge is required to provide movant with a hearing on his new Motion to Recuse." Lincoln claims that Rule 18a(d) creates a mandatory ministerial duty on the administrative judge to provide the movant a hearing, and that Judge Schraub abused his discretion in summarily denying his motion without a hearing.

■ At the outset, we note that the denial of a motion to recuse is appealable upon final judgment. Tex.R. Civ. P. 18a(f). A writ of mandamus is not available to address the denial of a motion to recuse. *In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428–29 (Tex.1998) ("the appellate court can cure any harm by reversing the trial court's judgment and remanding for a new trial before a different judge").

■ In addition, Lincoln's second motion to recuse is patently defective. Rule 18a(a) requires that a motion to recuse be verified. Tex.R. Civ. P. 18a(a). Lincoln's motion was unsworn making it defective on its face, therefore, it was not an abuse of discretion to summarily deny the motion. *See Pena v. Pena*, 986 S.W.2d 696, 701 (Tex.App.—Corpus Christi 1998), *pet. denied*, 8 S.W.3d 639 (Tex.1999); *McElwee v. McElwee*, 911 S.W.2d 182, 185–86 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Carson v. McAdams*, 908 S.W.2d 228, 228–29 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *Wirtz v. Massachusetts Mut. Life Ins. Co.*, 898 S.W.2d 414, 422–23 (Tex.App.—Amarillo 1995, no writ).

■ The single factual basis underlying Lincoln's motion is an insufficient ground for recusal as a matter of law. A long line of Texas cases, both criminal and civil, published and unpublished, unequivocally hold that the mere filing of a lawsuit

against a judge does not encumber that judge with the type of certain and immediate, personal or pecuniary stake in the underlying litigation that prevents the judge from deciding the case. *See Chamberlain v. State*, 453 S.W.2d 490, 492 (Tex. Crim.App.1970) ("If the mere filing of a civil action against the judge presiding [over a] ... case would disqualify [the judge], then any judge would be subject to disqualification at the whim of a [party]."); *Sommers v. Concepcion*, 20 S.W.3d 27, 42 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) ("Allowing recusal in every situation where a party decides to sue the judge, or threatens to call the judge as a witness, would result in unwarranted recusal and provide an easy means of recusing a judge."); *Soderman v. State*, 915 S.W.2d 605, 608 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd, untimely filed); *Prince v. State*, 677 S.W.2d 181, 183 (Tex.App.—San Antonio 1984, no pet.); Tex.R. Civ. P. 18b. Suing a judge by itself is an insufficient basis for disqualification or recusal of that judge.[2] Upon the filing of Lincoln's motion, Judge Jergins obviously did what Rule 18a requires him to do; he referred the matter to Judge Schraub. Judge Schraub, in turn, was well within his discretion to summarily overrule Lincoln's groundless motion without a hearing.

## ORDER TO SHOW CAUSE

■ We find that there is no legal or factual basis to arguably justify the filing of Lincoln's groundless petition for writ of mandamus. This is the second mandamus action filed by Lincoln in his divorce case. This also is the second time in the divorce case Lincoln has sought to recuse Judge Jergins, and his second motion is untenable and frivolous within the meaning of Chapter 10 of the Texas Civil Practices and Remedies Code. Tex. Civ. Prac. & Rem.Code Ann. §§ 10.001–.006 (West 2002). It is also the second time in the divorce case that Lincoln has filed a recusal motion against the same judge. *See* Tex. Civ. Prac. & Rem.Code Ann. § 30.016 (West Supp.2003).[3]

This Court is authorized, after notice and a hearing, to impose sanctions on a party or attorney who is not acting in good

**2.** Furthermore, we note that Judge Jergins is absolutely judicially immune from suit for acts done in his official capacity. *See Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (recognizing that proper administration of justice requires that judges and prosecutors enjoy absolute immunity from suit); *Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir.1994) (holding judges and prosecutors enjoy absolute immunity from suit); *Gipson v. Callahan*, 18 F.Supp.2d 662, 665 (W.D.Tex.1997), *appeal dismissed*, 157 F.3d 903 (5th Cir.1998) (same); *Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961) (holding judges not liable in tort for acts taken in matters within judge's jurisdiction); *Guerrero v. Refugio County*, 946 S.W.2d 558, 572 (Tex.App.—Corpus Christi 1997), *overruled in part on other grounds, by NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 146–47 (Tex.1999) (holding judges enjoy absolute immunity from claims arising from exercise of judicial functions regardless of motiva-

tions); *Murillo v. Garza*, 881 S.W.2d 199, 201 (Tex.App.—San Antonio 1994, no writ) (holding public officials performing judicial or quasi-judicial functions are immune from suit arising from discretionary duties done in good faith within authority); *cf.* Tex. Civ. Prac. & Rem.Code Ann. § 30.017(a)(2) (West Supp.2003) (claims against judge filed in underlying lawsuit may not be based on rulings judge made in pending cause).

**3.** We note that should Lincoln file another recusal motion there are newly enacted procedures for handling "tertiary recusal motions." *See* Tex. Civ. Prac. & Rem.Code Ann. § 30.016 (West Supp.2003). Under section 30.016(b), the challenged judge is not required to abstain from presiding over the case when a tertiary motion is filed. *Id.* § 30.016(b). Furthermore, if the motion is denied, the opposing party "shall" be awarded fees and costs, for which the movant and counsel are jointly liable. *Id.* § 30.016(c).

faith as indicated by the filing of a groundless mandamus petition. Tex.R.App. R. 52.11(a); *In re Guevara*, 41 S.W.3d 169, 171 (Tex.App.—San Antonio 2001, orig. proc). We find that Lincoln and his attorney, Francis Williams Montelongo, filed a petition in this Court that is clearly groundless within the meaning of Rule 52.11(a). We believe the record establishes that Lincoln and his counsel have engaged in a pattern of filing baseless motions and petitions. This conduct cannot be ignored.

 We are aware that any sanctions imposed must be proportionate to the wrong and bear a direct relationship to the offensive conduct. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). We believe that Lincoln and his counsel are each at fault in this case. Both the trial and appellate dockets of this State are overcrowded as the courts struggle to adjudicate cases fairly and efficiently. Relentlessly pursuing such vexatious litigation unduly burdens the other parties involved and the judicial system itself. *See Starcrest Trust v. Berry*, 926 S.W.2d 343, 356 (Tex.App.—Austin 1996, no writ) (imposing sanctions under Tex. R.App. P. 84); *Roever v. Roever*, 824 S.W.2d 674, 677 (Tex.App.—Dallas 1992, no writ) (same).

It is with reluctance that we exercise our discretion and order Charles Edward Lincoln, III and his attorney, Francis Williams Montelongo, to appear at 9:00 o'clock a.m. on September 10, 2003, in the courtroom of the Third Court of Appeals, First Floor, Price Daniel Sr. Building, 209 W. 14th Street in Austin, Texas, 78701, to show cause why sanctions should not be imposed, including but not limited to, the following:

1. Paying the attorney's fees and expenses incurred by the real party-in-interest, Elena K. Lincoln, and the guardian and attorney ad litem, Laura Nowlin, representing the child in-volved. Ms. Nowlin and J. Randall Grimes, the attorney representing Mrs. Lincoln, are ORDERED to file with the Court, within ten days from the date of this order, affidavits itemizing the reasonable and necessary attorney's fees and litigation expenses incurred by Mrs. Lincoln and Ms. Nowlin in connection with both motions to recuse Judge Jergins and both mandamus proceedings filed in this Court to date. The exact amount of the sanctions to be paid to each party will be assessed by the Court at the September 10 hearing, unless the parties reach an agreement as to the amount prior to the hearing, in which case all parties shall so advise the Court by letter before September 10;

2. Being ordered to cease and desist from filing frivolous motions, briefs, and pleadings in this Court and the district court; and

3. Paying a fine, the amount of which will be set by the Court at the September 10, 2003 show cause hearing.