TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00459-CV






In re Charles Edward Lincoln, III







ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY






O P I N I O N A N D O R D E R T O S H O W C A U S E




PER CURIAM

 Relator Charles Edward Lincoln, III brings this original proceeding (1) seeking
mandamus relief from the denial of a motion to recuse the district judge presiding over Lincoln's
divorce action. His complaint is that his motion was summarily denied without a hearing. We will
deny mandamus relief. Additionally, we hold that this mandamus proceeding is groundless as a
matter of law and that the underlying motion to recuse is also groundless on its face. Lincoln and
his counsel are ordered to show cause why this Court should not impose sanctions on each of them. 
Tex. R. App. P. 52.11(a); see also Tex. R. App. P. 45.


FACTS


 Lincoln is the respondent in a divorce and custody action filed by his wife in
Williamson County. The district judge, Michael Jergins, in whose court the divorce action is
pending, apparently issued temporary orders granting custody of a child to Lincoln's wife and
ordering Lincoln not to discuss the divorce with the child and not to visit the child at school. On
May 28, 2003, Lincoln filed his first motion to recuse Judge Jergins; he did not provide us with
copies of this first motion, but he states that in it he "question[ed] [Judge Jergin's] jurisdiction and
his ability to be fair in light of Relator's complaint of [Judge Jergin's] lack of jurisdiction." Lincoln
admits that he received a hearing on his first recusal motion. The presiding judge of the
administrative district, the Honorable B.B. Schraub, overruled the motion on June 20.

 Unsatisfied, on June 24, Lincoln filed a civil rights lawsuit in federal court against
Judge Jergins, asserting that the judge "was acting without jurisdiction to the distress of Relator's
constitutional rights to free speech and to obtain a divorce." Lincoln has not favored us with a copy
of the filings in his federal case, but states that in it he seeks "monetary damages for the violation
under color of law of his constitutional rights."

 On June 27, Lincoln filed a Renewed Motion to Recuse the Honorable Michael
Jergins, alleging that Judge Jergins "now had a 'financial interest' in the case before him, could not
be fair, and should be recused on this basis which had arisen since the denial of the June 20th Motion
for Recusal." Lincoln specifically requested that the second recusal motion be heard before a July
7 hearing in which Judge Jergins was set to decide contempt allegations against Lincoln for violating
an injunction pertaining to the child.

 The record in this original proceeding does not contain a copy of any order by Judge
Jergins referring the second recusal motion to the administrative judge. However, some type of
referral was made because it was the administrative judge, Judge Schraub, who ruled on the second
recusal motion about which Lincoln complains. The order states in pertinent part:


 On this the 2nd day of July, 2003, came on to be considered the Motion to
Recuse filed in this Cause by the Movant, Charles Edward Lincoln, III.


 The undersigned, having reviewed the Motion, makes the following findings:



 The Motion fails to allege grounds for which recusal might lie, in
accordance with the provisions of the Texas Rules of Civil
Procedure.

 It is proper and appropriate under the circumstances to rule on
said Motion without the necessity of a hearing.



It is therefore ORDERED that the Motion to Recuse is and the same is hereby
denied."



At the July 7 contempt hearing, Judge Jergins found Lincoln in criminal contempt and sentenced him
to 120 days in jail, suspended in lieu of one year of community supervision.


DISCUSSION


 Lincoln characterizes the issue raised in this proceedings as whether "upon the filing
of a subsequent Motion to Recuse with a basis independent of a prior Motion to Recuse, an
administrative judge is required to provide movant with a hearing on his new Motion to Recuse."
Lincoln claims that Rule 18a(d) creates a mandatory ministerial duty on the administrative judge to
provide the movant a hearing, and that Judge Schraub abused his discretion in summarily denying
his motion without a hearing. 

 At the outset, we note that the denial of a motion to recuse is appealable upon final
judgment. Tex. R. Civ. P. 18a(f). A writ of mandamus is not available to address the denial of a
motion to recuse. In re Union Pac. Res. Co., 969 S.W.2d 427, 428-29 (Tex. 1998) ("the appellate
court can cure any harm by reversing the trial court's judgment and remanding for a new trial before
a different judge").

 In addition, Lincoln's second motion to recuse is patently defective. Rule 18a(a)
requires that a motion to recuse be verified. Tex. R. Civ. P. 18a(a). Lincoln's motion was unsworn
making it defective on its face, therefore, it was not an abuse of discretion to summarily deny the
motion. See Pena v. Pena, 986 S.W.2d 696, 701 (Tex. App.--Corpus Christi 1998), pet. denied, 8
S.W.3d 639 (Tex. 1999); McElwee v. McElwee, 911 S.W.2d 182, 185-86 (Tex. App.--Houston [1st
Dist.] 1995, writ denied); Carson v. McAdams, 908 S.W.2d 228, 228-29 (Tex. App.--Houston [1st
Dist.] 1993, orig. proceeding); Wirtz v. Massachusetts Mut. Life Ins. Co., 898 S.W.2d 414, 422-23
(Tex. App.--Amarillo 1995, no writ).

 The single factual basis underlying Lincoln's motion is an insufficient ground for
recusal as a matter of law. A long line of Texas cases, both criminal and civil, published and
unpublished, unequivocally hold that the mere filing of a lawsuit against a judge does not encumber
that judge with the type of certain and immediate, personal or pecuniary stake in the underlying
litigation that prevents the judge from deciding the case. See Chamberlain v. State, 453 S.W.2d 490,
492 (Tex. Crim. App. 1970) ("If the mere filing of a civil action against the judge presiding [over
a] . . . case would disqualify [the judge], then any judge would be subject to disqualification at the
whim of a [party]."); Sommers v. Conception, 20 S.W.3d 27, 42 (Tex. App.--Houston [14th Dist.]
2000, pet. denied) ("Allowing recusal in every situation where a party decides to sue the judge, or
threatens to call the judge as a witness, would result in unwarranted recusal and provide an easy
means of recusing a judge."); Soderman v. State, 915 S.W.2d 605, 608 (Tex. App.--Houston [14th
Dist.] 1996, pet. ref'd, untimely filed); Prince v. State, 677 S.W.2d 181, 183 (Tex. App.--San
Antonio 1984, no pet.); Tex. R. Civ. P. 18b. Suing a judge by itself is an insufficient basis for
disqualification or recusal of that judge. (2) Upon the filing of Lincoln's motion, Judge Jergins
obviously did what Rule 18a requires him to do; he referred the matter to Judge Schraub. Judge
Schraub, in turn, was well within his discretion to summarily overrule Lincoln's groundless motion
without a hearing.


ORDER TO SHOW CAUSE


 We find that there is no legal or factual basis to arguably justify the filing of Lincoln's
groundless petition for writ of mandamus. This is the second mandamus action filed by Lincoln in
his divorce case. This also is the second time in the divorce case Lincoln has sought to recuse Judge
Jergins, and his second motion is untenable and frivolous within the meaning of Chapter 10 of the
Texas Civil Practices and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001-.006 (West
2002). It is also the second time in the divorce case that Lincoln has filed a recusal motion against
the same judge. See Tex. Civ. Prac. & Rem. Code Ann. § 30.016 (West Supp. 2003). (3)

 This Court is authorized, after notice and a hearing, to impose sanctions on a party
or attorney who is not acting in good faith as indicated by the filing of a groundless mandamus
petition. Tex. R. App. R. 52.11(a); In re Guevara, 41 S.W.3d 169, 171 (Tex. App.--San Antonio
2001, orig. proc). We find that Lincoln and his attorney, Francis Williams Montelongo, filed a
petition in this Court that is clearly groundless within the meaning of Rule 52.11(a). We believe the
record establishes that Lincoln and his counsel have engaged in a pattern of filing baseless motions
and petitions. This conduct cannot be ignored.

 We are aware that any sanctions imposed must be proportionate to the wrong and bear
a direct relationship to the offensive conduct. TransAmerican Natural Gas Corp. v. Powell, 811
S.W.2d 913, 917 (Tex. 1991). We believe that Lincoln and his counsel are each at fault in this case. 
Both the trial and appellate dockets of this State are overcrowded as the courts struggle to adjudicate
cases fairly and efficiently. Relentlessly pursuing such vexatious litigation unduly burdens the other
parties involved and the judicial system itself. See Starcrest Trust v. Berry, 926 S.W.2d 343, 356
(Tex. App.--Austin 1996, no writ) (imposing sanctions under Tex. R. App. P. 84); Roever v. Roever,
824 S.W.2d 674, 677 (Tex. App.--Dallas 1992, no writ) (same).

 It is with reluctance that we exercise our discretion and order Charles Edward
Lincoln, III and his attorney, Francis Williams Montelongo, to appear at 9:00 o'clock a.m. on
September 10, 2003, in the courtroom of the Third Court of Appeals, First Floor, Price Daniel Sr.
Building, 209 W. 14th Street in Austin, Texas, 78701, to show cause why sanctions should not be
imposed, including but not limited to, the following:



 Paying the attorney's fees and expenses incurred by the real party-in-interest,
Elena K. Lincoln, and the guardian and attorney ad litem, Laura Nowlin,
representing the child involved. Ms. Nowlin and J. Randall Grimes, the attorney
representing Mrs. Lincoln, are ORDERED to file with the Court, within ten days
from the date of this order, affidavits itemizing the reasonable and necessary
attorney's fees and litigation expenses incurred by Mrs. Lincoln and Ms. Nowlin
in connection with both motions to recuse Judge Jergins and both mandamus
proceedings filed in this Court to date. The exact amount of the sanctions to be
paid to each party will be assessed by the Court at the September 10 hearing,
unless the parties reach an agreement as to the amount prior to the hearing, in
which case all parties shall so advise the Court by letter before September 10;

 Being ordered to cease and desist from filing frivolous motions, briefs, and
pleadings in this Court and the district court; and

 Paying a fine, the amount of which will be set by the Court at the September 10,
2003 show cause hearing.




Before Chief Justice Law, Justices B. A. Smith and Puryear

Filed: August 22, 2003

1. This is the second mandamus proceeding Lincoln has filed in this Court arising from his
divorce case. On June 12, 2003, this Court denied his other petition for writ of mandamus in Cause
No. 03-03-00284-CV in an unpublished opinion. Lincoln complained in that proceeding of alleged
venue and freedom of speech violations by Judge Jergins.
2. Furthermore, we note that Judge Jergins is absolutely judicially immune from suit for acts
done in his official capacity. See Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (recognizing that proper
administration of justice requires that judges and prosecutors enjoy absolute immunity from suit);
Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994) (holding judges and prosecutors enjoy absolute
immunity from suit); Gipson v. Callahan, 18 F. Supp.2d 662, 665 (W.D. Tex. 1997), appeal
dismissed, 157 F.3d 903 (5th Cir. 1998) (same); Turner v. Pruitt, 342 S.W.2d 422, 423 (Tex. 1961)
(holding judges not liable in tort for acts taken in matters within judge's jurisdiction); Guerrero v.
Refugio County, 946 S.W.2d 558, 572 (Tex. App.--Corpus Christi 1997), overruled in part on other
grounds, by NME Hosps., Inc. v. Rennels, 994 S.W.2d 142, 146-47 (Tex. 1999) (holding judges
enjoy absolute immunity from claims arising from exercise of judicial functions regardless of
motivations); Murillo v Garza, 881 S.W.2d 199, 201 (Tex. App.--San Antonio 1994, no writ)
(holding public officials performing judicial or quasi-judicial functions are immune from suit arising
from discretionary duties done in good faith within authority); cf. Tex. Civ. Prac. & Rem. Code Ann.
§ 30.017(a)(2) (West Supp. 2003) (claims against judge filed in underlying lawsuit may not be based
on rulings judge made in pending cause).
3. We note that should Lincoln filed another recusal motion there are newly enacted
procedures for handling "tertiary recusal motions." See Tex. Civ. Prac. & Rem. Code Ann. § 30.016
(West Supp. 2003). Under section 30.016(b), the challenged judge is not required to abstain from
presiding over the case when a tertiary motion is filed. Id. § 30.016(b). Furthermore, if the motion
is denied, the opposing party "shall" be awarded fees and costs, for which the movant and counsel
are jointly liable. Id. § 30.016(c).