ACCEPTED
03-14-00665-CV
4795733
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 4:14:38 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00665-CV**

_____

IN THE COURT OF APPEALS FOR THE
THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/7/2015 4:14:38 PM
JEFFREY D. KYLE
Clerk

_____

ERIC DRAKE

*Plaintiff - Appellant,*

**vs.**

KASTL LAW FIRM P.C., ET. AL.

*Defendants - Appellees.*

_____

On Appeal from the 200th District Court, Travis County
Case No. D-1-GN-14-001215

### RESPONSE IN OPPOSITION TO
### APPELLANT'S MOTION FOR SANCTIONS

TO THE HONORABLE COURT OF APPEALS:

COMES NOW SEANA WILLING, Appellee herein, and files this Response

in Opposition to Appellant's Motion for Sanctions, and would respectfully show this

Court the following:

# I.
# INTRODUCTION

On March 27, 2015, Appellee Seana Willing ("Ms. Wiling") filed a Motion to Strike Appellant's Brief, demonstrating to the Court that despite this Court's previous order, Appellant's brief exceeded the word count and violates TEX. R. APP. P. 9.4(i)(2)(B).

On April 1, 2015, Ms. Willing filed her Appellee's Brief in this matter.

On April 1, 2015 Appellant filed a Response to Ms. Willing's Motion to Strike and a Motion for Sanctions and Motion for Judgment. Appellant's filing was received by this Court on April 6, 2015.

Appellant's argument related to the Motion to Strike are addressed in Ms. Willing's Reply Brief in Support of her Motion to Strike.

In this pleading, Ms. Willing demonstrates that Appellant's Motion for Sanctions and Motion for Judgment should be denied.

# II.
# MOTION FOR SANCTIONS

Pursuant to TEX. R. APP. P. 52.11, this Court may impose sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

> (a) filing a petition that is clearly groundless;
> (b) bringing the petition solely for delay of an underlying proceeding;
> (c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

> (d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX. R. APP. P. 52.11.

Appellant's argument is wholly lacking in meeting any of the legal requirements for sanctions. On the contrary, it has been demonstrated that Appellant should be sanctioned, and Ms. Willing has asked that this Court strike Appellant's Brief for his actions.

As a threshold matter, Appellant has not demonstrated to this Court that Ms. Willing or her counsel are not acting in good faith. Conversely, in her Motion to Strike, Ms. Willing has demonstrated (and it has not been disputed) that Appellant's actions show the bad faith with which he litigates this matter.

Appellant further argues for sanctions as follows:

**A.      Sanctions for the filing of the Motion to Strike**

Appellant argues that the Motion to Strike is frivolous. (Motion for Sanctions, page 1-2). Ms. Willing assumes that this is to be brought under TEX. R. APP. P. 52.11(a) as "clearly groundless." As a threshold matter, this section applies to petitions, and not to motions. TEX. R. APP. P. 52.11(a). Further, Appellant presents no case law or legal support for this suggestion. Further, he does not present any fact from which the Court could conclude the Motion to Strike is frivolous. Instead, Appellant suggests that counting words is difficult (Motion for Sanctions, page 2)

and can take minutes. Nevertheless, this is an obligation that all parties need to meet. TEX. R. APP. P. 9.4(i)(2)(B).

A determination that a petition is groundless requires this Court to determine "that there is no legal or factual basis to arguably justify the filing of" that petition. *In re Lincoln*, 114 S.W.3d 724, 727–28 (Tex.App.-Austin 2003, orig. proceeding). In the instant case, Ms. Willing provided this Court with the specific word count for specific pages in Appellant's Brief (<u>Motion to Strike</u>, <u>Exhibit A</u>), and identified the computer program that provided this information: "Word Counter," an Add-on Tool for Adobe Acrobat. Ms. Willing's motion is not "clearly groundless" or frivolous, as alleged by Appellant.

The other potential elements authorizing sanctions are not presented and do not apply to Ms. Willing's Motion to Strike. There has been no delay of the proceeding. TEX. R. APP. P. 52.11(b). While Appellant has, in his brief, grossly misstated or omitted an obviously important and material fact in his brief[1], he has not demonstrated that Ms. Willing has done so. TEX. R. APP. P. 52.11(c). Ms.

---

[1] Ms. Willing presents just two instances, to demonstrate by example: First, Appellant has misrepresented his word-count, as is detailed in the Motion to Strike. Second, Appellant presented this Court with an incomplete recitation of TEX. R. CIV. P. 18a(f)(2)(A) as if it were the entire rule while expressly omitting the portion cited in the Order of the Trial Court authorizing judicial action. *Compare* Rule 18a as presented on <u>Appellant's Brief</u>, page 34 with TEX. R. CIV. P. 18a(f)(2)(A) and with CR 547.

Willing has not filed a misleading appendix or record that is omits obviously important and material evidence or documents. TEX. R. APP. P. 52.11(d).

Accordingly, Appellant has demonstrated none of the required showings to seek sanctions based on the filing of the Motion to Strike.

**B.       Sanctions for Drafting his Brief**

Appellant also seeks sanctions based on Ms. Willing's failure to file her Appellee Brief by April 1, 2015, the deadline. (Motion for Sanctions, pages 3 and 5-7). In making this argument, Appellant demonstrates his bad faith, as Ms. Willing filed her brief on that date. Rather than see if Ms. Willing filed a brief, Appellant decided that it was a better idea to seek sanctions rather than wait to see if there was a basis to seek sanctions. If he had waited another day to file his Motion for Sanctions, Appellant would have known that Ms. Willing's brief was timely filed.

Thus, with respect to sanctions for the failure of Ms. Willing to file her brief by April 1, 2015, "there is no legal or factual basis to arguably justify the filing of" Appellant's Motion for Sanctions. *In re Lincoln*, 114 S.W.3d at 727–28.

Appellant's Motion for Sanctions should be denied.

### III.
### MOTION FOR JUDGMENT

Appellant asks this Court to enter a judgment on his behalf in all aspects of his appeal, solely based on Ms. Willing's failure to file her Appellee Brief by April 1, 2015, the deadline. (Motion for Sanctions, pages 3 and 5-7).

As noted *supra*, and is clear from this Court's record, Ms. Willing was timely in the filing of her brief. Thus, "there is no legal or factual basis to arguably justify the filing of" Appellant's Motion for Judgment. *In re Lincoln*, 114 S.W.3d at 727–28. Accordingly, Appellant's Motion for Judgment should be denied.

### IV.
### CONCLUSION

In light of his knowing misrepresentation and bad faith dealings in this litigation, Ms. Willing asks that Appellant's Brief be stricken from the record, and that the determination of the Trial Court, finding Eric Drake to be a vexatious litigant, be affirmed. TEX. R. APP. P. 9.4(k) (court may strike a document prepared in a manner to avoid the limits of Rule 9.4).

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

6

JAMES E. DAVIS
Deputy Attorney General for Defense
Litigation

ANGELA V. COLMENERO
Chief–General Litigation Division


/s/ Scot M. Graydon
Scot M. Graydon
Assistant Attorney General
State Bar No. 24002175
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 - facsimile

*ATTORNEYS FOR APPELLEE SEANA
WILLING*


# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent via *regular mail* and *certified mail, return receipt requested* on April 7, 2015 to:

Eric Drake
PO Box 833688
Richardson, Texas 75083
*Pro Se* Appellant

/s/ Scot M. Graydon
**Scot M. Graydon**
Assistant Attorney General

7