**In re Jo Ann GUEVARA, et al.**

No. 04–00–00682–CV.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2001.

Rehearing Overruled Feb. 28, 2001.

Roger Guevara, Law Offices of Roger Guevara, San Antonio, for appellant.

Armando Trevino, Roger C. Rocha, Laredo, for appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

PER CURIAM.

On October 5, 2000, the relators, Jo Ann Guevara and others, filed an application for writ of mandamus and an emergency motion for stay of trial proceedings. In the application, the relators asked this court to issue an order directing the trial judge to disburse life insurance proceeds, stating that "[t]he only proceeding required by the [Fourth Court's] mandate [in appeal no. 04–99–00584–CV] is for the trial court to disburse the insurance proceeds in accordance with the 4th Court of Appeal's [sic] judgment, as affirmed by the Texas Supreme Court." This court denied the application for a writ of mandamus and the request for an emergency stay, stating "this court's mandate ... returned the case to the procedural posture that existed before the judgment granting the motion for partial summary judgment was granted and the severance was ordered; *i.e.*, to the granting of the motion for new trial." *See In re Jo Ann Guevara*, No. 04–00–00682–

CV, 2000 WL 1532855 (Tex.App.—San Antonio Oct.18, 2000).

The real party in interest, Maria Guevara, then moved for sanctions under Rule 52.11 of the rules of appellate procedure. In her motion for sanctions, Maria contended that the relators' attorney, Roger Guevara, had filed frivolous, vexatious, groundless pleadings for an improper purpose; filed frivolous, vexatious, groundless pleadings with an intent to interfere with, impede or delay the administration of justice; misrepresented the facts to this court; misrepresented the law to this court; and filed pleadings for the purpose of harassment or needlessly increase the cost of litigation. Maria identified specific statements contained in Roger's pleadings that she contended were either untrue or misstated. In response, we issued a show cause order directing Roger to respond in writing and to address the allegations contained in Maria's motion and why he should not be sanctioned. Roger responded, stating that he honestly believed that this court's mandate did not require a new trial. Roger did not, however, address the specifics of Maria's motion. Instead, he maintained that the evidence against Maria was over-whelming in the death of her husband and that nothing was to be gained by filing a groundless petition.

## Review Under Rule 52.11 of the Rules of Appellate Procedure

Under Rule 52.11, a court of appeals may, after notice and a reasonable opportunity to respond, impose just sanctions on a party or attorney who is not acting in good faith as indicated by any of the following:

(a) filing a petition that is clearly groundless;

(b) bringing the petition solely for delay of an underlying proceeding;

(c) grossly misstating or omitting an obviously important and material fact in the petition or response; or

(d) filing an appendix or record that is clearly misleading because of the omission of obviously important and material evidence or documents.

TEX.R.APP.P. 52.11. After reviewing the record in this cause, we find that Roger Guevara filed a petition in this court that is clearly groundless for the following reasons. *See* TEX.R.APP.P. 52.11(a).

■ Roger stated in the application for writ of mandamus that plaintiffs below, the relators, dismissed their unliquidated claims so there was no need for a jury to assess damages. Roger further asserted that the only proceeding required was for the trial court to disburse the insurance proceeds in accordance with the Fourth Court's mandate. These statements, however, grossly misstate the procedural posture of this cause. Once this court reversed and remanded the trial court's judgment granting the motion for summary judgment and ordering a severance, this court's mandate returned the case to the procedural posture that existed before the motion was granted; *i.e.*, to the granting of the motion for new trial. *See Guevara v. Guevara*, No. 04–99–00584–CV, 2000 WL 294810 (Tex.App.—San Antonio Mar. 22, 2000, pet. denied). A new trial is required to dispose of the plaintiffs' claim for the life insurance proceeds of Maria's husband and to dispose of the plaintiffs' claim for the damages they allege resulted when Maria caused her husband's death.

Although Roger stated in the relators' motion for writ of execution attached to the petition that "[p]laintiffs' original prayer for unliquidated damages against Maria is hereby dismissed leaving only their liquidated claim for the insurance proceeds," the record does not reflect that either of the plaintiffs' claims have been resolved.

If, by this statement, Roger intended to non-suit the plaintiffs' claims for damages, the procedural posture of the case would still not entitle the plaintiffs to the insurance policy proceeds. The plaintiffs are not entitled to the proceeds because their claim for the proceeds has not been resolved.[1] That claim must be resolved by a new trial. Thus, an application for a writ of mandamus asking this court to order the trial judge to disburse the life insurance proceeds to the plaintiffs-relators is groundless because the underlying dispute—the rightful beneficiary of the insurance proceeds—has not been decided.

We also find that Roger filed a petition in this court that grossly misstates obviously important and material facts. See TEX.R.APP.P. 52.11(c). Roger states in the application that the Supreme Court of Texas affirmed this court's judgment which reversed and remanded the trial court's order granting summary judgment in the underlying dispute. This statement is an obviously important and material fact because it defines the procedural posture of the underlying case. The Supreme Court, however, denied review of this case on July 6, 2000. Thus, Roger's statement that the Supreme Court affirmed this court's judgment is false because the Supreme Court never reviewed the merits of this court's decision.

In addition to this misstatement, Roger grossly misstated an obviously important and material fact in the Emergency Motion for Stay. See TEX.R.APP.P. 52.11(c). In the motion, Roger stated that this court found that Maria was culpable in her husband's death. This statement is an obviously important and material fact because

whether Maria was culpable for her husband's death is dispositive of the plaintiffs' claim for the life insurance proceeds and their claim for damages. This court, however, did not find that Maria was culpable in her husband's death. In this cause below, Maria moved for summary judgment seeking judgment on the plaintiffs' claim for the proceeds from her husband's life insurance policy and severance of that claim from the remainder of the plaintiffs' claims. See Guevara, No. 04–99–00584–CV, 2000 WL 294810, at *1. The plaintiffs filed a response to the motion for summary judgment and objected to the request for a severance. Id. The trial court granted the motion for summary judgment and ordered the severance. On appeal, this court determined that the plaintiffs presented sufficient evidence to raise a question of fact on the issue addressed in Maria's motion—that is, whether Maria was culpable for her husband's death. Id. at *2. In its opinion, this court detailed the evidence that the plaintiffs presented that raised a fact question about the issue, and concluded that the evidence represented more than a scintilla of evidence that permitted the plaintiffs to survive Maria's motion. Id. This court did not determine that Maria was culpable in her husband's death. Thus, Roger's statement that this court found that Maria was culpable in her husband's death is not only grossly misstated, it is absolutely false. The statement is false because this court did not, and cannot, determine the underlying fact question—that is, whether Maria was culpable for her husband's death. Whether Maria was culpable is a question of fact to be answered by the trier of fact because the plaintiffs presented more than a scin-

---

1. The record does not contain either a motion to non-suit, or an order of non-suit, withdrawing the plaintiffs' damages claim. The only document that could be construed as having such effect is the writ of execution discussed herein. Even if that document was construed as a motion for non-suit, the plaintiffs' claim for the insurance proceeds remains unresolved.

tilla of evidence about Maria's culpability and thus raised a genuine issue of material fact. *See* Tex.R.Civ.P. 166a(i).

Roger also grossly misstated obviously important and material facts in an attachment to the application. *See* Tex.R.App.P. 52.11(c). Roger attached a document entitled "Request for Writ of Execution, for Court to Obey Mandate, for Order Disbursing Insurance Proceeds and Dismissal of Damage Claim" to the application for writ of mandamus. Therein, Roger again stated that the Supreme Court affirmed this court's mandate. As discussed above, this statement is simply untrue. Roger also stated that the gist of this court's opinion "is that Maria is disqualified from claiming any of the insurance proceeds, regardless of whether a conspiracy exists." This court's opinion is obviously important and material because it represents the last proceeding in this cause and defines the procedural posture of the case— that is, the opinion and accompanying mandate govern the trial court's next action. Roger's statement, however, does not represent the gist of this court's opinion. Instead of determining that Maria is disqualified from claiming her husband's insurance proceeds as Roger stated, this court's opinion determined that the plaintiffs presented enough evidence to survive Maria's motion for summary judgment. This court did not determine that Maria was culpable in her husband's death. That question is properly determined by the trier of fact. Roger's statement characterizing the gist of this court's opinion is false because this court did not determine that Maria is disqualified from claiming the insurance proceeds.

## Bad Faith

Because we have found that Roger filed a petition in this court that is clearly groundless and grossly misstated obvious-

ly important and material documents and facts in this case, we hold that Roger failed to act in good faith when he filed the relators' application for writ of mandamus and the emergency motion for stay. *See* Tex.R.App.P. 52.11. Although Roger asserted in the application that "every statement in the petition is ... true and correct," we have shown how and why the application contains untruths. The same is true for Roger's assertion in the emergency motion for stay. Roger states therein that the "motion is true and correct." We have shown that the motion is not true and is not correct. An attorney does not act in good faith when he presents false statements to the court. Tex. Disciplinary R. Prof'l Conduct 3.03, *reprinted in* Tex.Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. 10, § 9) (prohibiting lawyers from making false statements of material fact to a tribunal); *see* Tex.R.Civ.P. 13 (stating attorney's signature constitutes representation that instrument is not groundless or brought in bad faith).

■ As further evidence of Roger's bad faith, we note that Roger attached a Summary of Exhibits to the Emergency Motion for Stay. The summary purportedly summarizes evidence that shows that Maria "lied under oath about the status of her marriage and the fact that she was pregnant with another man's child at the time of her husband's death," and evidence to show that Maria "had a clear motive to bring about the death of [her husband]." This summary contains numerous statements that can only be characterized as hearsay and character evidence inadmissible under the rules of evidence. Tex. R.Evid. 404 (stating that evidence of a person's character is inadmissible); *id.* R. 802 (excluding hearsay from evidence). The statements do not relate to the procedural posture of this case in any way, but

instead attack Maria's character. We can think of no reason for including these statements in the emergency motion for stay other than to cause this court to think unfavorably about Maria and to influence this court's decision. Such motivation violates Roger's ethical duty to follow established rules of procedure and evidence, and not to seek to influence a tribunal by means prohibited by applicable rules of practice and procedure. TEX.DISCIPLINARY R. PROF'L CONDUCT 3.04, 3.05.

### Conclusion

Because Roger has not acted in good faith, we grant Maria's motion for sanctions. We order Roger to pay Maria's attorney, Roger C. Rocha, the amount of $5,000.00 to be applied to Maria's attorney's fees, as sanctions, within 180 days of the order accompanying this opinion. Roger shall submit written proof of payment no later than 200 days of the date of the order. We further order Roger to attend a continuing legal education course in advanced civil procedure, to be completed within 180 days of the order accompanying this opinion. Roger shall submit written proof of his completion of the required course upon course completion; provided, however, that such proof must be submitted no later than 200 days from the date of the order. Finally, we order Roger to cease and desist from filing frivolous motions and pleadings in this court and in the trial court. Failure to comply with this court's order may be punishable as contempt of court.