

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00093-CV

Donald W. **TAYLOR**,
Appellant

v.

Brian **SCHULTZ**, Dixon Schultz, Kevin Gallagher, Cynthia Gallagher, Jeffrey C. Pitts,
and Vada Michelle Pitts,
Appellees

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 16772
Honorable Dennis Powell, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: April 3, 2024

AFFIRMED

Donald W. Taylor appeals from a final judgment dismissing his claims under Rule 91a of

the Texas Rules of Civil Procedure and the Texas Citizens Participation Act ("TCPA").[1] We

affirm.

---

[1]TEX. CIV. PRAC. & REM. CODE §§ 27.001-27.011.

BACKGROUND

The parties to the underlying suit own tracts of land in the Renegade Ranch Subdivision in Fredericksburg, Texas. The subdivision's developer drafted and filed a Declaration of Covenants, Conditions and Restrictions ("the Declaration"), which establishes an Architectural Review Committee ("ARC") with the authority to review and approve or deny improvements or alterations in the subdivision and to grant certain types of variances related to such improvements or alterations. Taylor sued the defendants—Brian and Dixon Schultz, Kevin and Cynthia Gallagher, and Jeffrey and Vada Pitts—complaining of their actions as ARC board members.

Taylor's original petition contained a mélange of complaints, including allegations that the defendants "[b]reached their [f]iduciary [d]uty to care and make informed decisions and not discriminate against [him]"; "knowingly breached HOA rules"; "opened an alias checking account . . . using [a] personal EIN number"; "committed negligence in allowing 'HOA' funds to be deposited into a[n] [a]lias bank account"; "engaged in an 'unconscionable course of action' to the detriment of [Taylor] . . . by not adhering to HOA-RULES"; and "filed multiple false police reports against [Taylor]." Taylor's suit alleged causes of action for breach of fiduciary duty, negligence, fraud, and violations of the Texas Deceptive Trade and Practices Act ("DTPA").

After answering Taylor's suit, the defendants filed motions to dismiss Taylor's claims under Rule 91a of the Texas Rules of Civil Procedure and/or the Texas Citizens Participation Act ("TCPA"). The Rule 91a dismissal motions argued: (1) most of Taylor's causes of actions had no basis in law or fact because they were barred by limitation of liability provisions in the subdivision's Declaration; (2) to the extent Taylor's suit contained claims for violations of the Texas Deceptive Trade Practices Act ("DTPA"), his claims had no basis in law or fact because Taylor was not a consumer; and (3) to the extent Taylor's suit contained claims for fraud, his claims had no basis in law or fact because Taylor failed to allege facts to support the elements of

fraud. The TCPA dismissal motions argued that, to the extent Taylor's suit alleged causes of action for defamation, the complained-of speech was protected communication that fell within the scope of the TCPA and Taylor failed to establish by clear and specific evidence a prima facie case for each of the elements of his claims.

The trial court held a hearing on the motions to dismiss. After the hearing, the trial court granted the defendants' dismissal motions and signed orders dismissing all of Taylor's claims. Thereafter, the trial court awarded attorney's fees to some of the defendants and signed a final judgment. Taylor appealed.

### CONSTRUING APPELLANT'S COMPLAINTS ON APPEAL

As a preliminary matter, we must determine if Taylor's pro se amended brief presents any complaints for appellate review.[2]

We have repeatedly held that when an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities and the record, nothing is presented for our review. *See*, e.g., *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *3 (Tex. App.—San Antonio Oct. 26, 2016, no pet.). "Although we liberally construe pro se litigants' pleadings and briefs, we also hold them to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Fleming v. NASA Fed. Credit Union*, No. 04-21-00555-CV, 2023 WL 242728, at *1 n.2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.). "A *pro se* litigant is required to properly present [his] case on appeal, just as []he is required to present [his] case in the trial court." *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). "A reviewing court has no duty to properly brief the issues for the appellant or to search the appellate record for facts supporting an

---

[2]We struck Taylor's original brief because it failed to comply with Rules 38.1 and 9.4 of the Texas Rules of Appellate Procedure. Taylor was provided the opportunity to file an amended brief that complied with the appellate rules.

appellant's argument." *Tchernowitz*, 2016 WL 6247008, at *1 The requirements for an appellant's brief are set out in Rule 38.1 of Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Rule 38.1(f) requires the "Issues Presented" section of an appellant's brief to concisely state all issues or points presented for review. *See* TEX. R. APP. P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the appellate court's attention to the error about which the complaint is made. *Valadez*, 238 S.W.3d at 845. Rule 38.1(h) requires the "Summary of the Argument" section of an appellant's brief to contain "a succinct, clear and accurate statement of the arguments made in the body of the brief." *See* TEX. R. APP. P. 38.1(h). And, Rule 38.1(i) requires the "Argument" section of an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i). "This requirement is not satisfied by merely uttering brief conclusory statements." *Valadez*, 238 S.W.3d at 845.

Turning to Taylor's amended brief, the "Summary of the Argument" section, which Rule 38.1(h) requires to be "succinct," consists of fifty-eight pages of conclusory statements interspersed with lengthy quotations from the defendants' motions to dismiss. Instead of containing a "clear and accurate statement of the arguments made in the body of [Taylor's] brief," the "Summary of the Argument" section wholly fails to correspond to the "Argument" section of the brief. *See* TEX. R. APP. P. 38.1(h).

Even if we construe Taylor's "Summary of Argument" section as presenting Taylor's primary contentions on appeal, it is, for the most part, comprised of conclusory statements unsupported by relevant legal authorities. Most of the cases cited in this section of the brief are not Texas cases; instead, the majority of cases cited are from federal courts and appellate courts in other states. Taylor's amended brief does not explain how these legal authorities are applicable to

the present case, which involves the application of Texas rules and statutes to Texas causes of action.

The handful of Texas cases Taylor cites in the "Summary of Argument" section fit within two categories. First, he cites Texas cases setting out the standards and procedures for Rule 91a motions. However, Taylor does not explain how these cases apply to the present case. Second, he cites Texas cases in which appellate courts sanctioned attorneys or parties for filings made in the appellate courts. *See In re Guevara*, 41 S.W.3d 169, 172-74 (Tex. App.—San Antonio 2001, orig. proceeding) (imposing sanctions against an attorney for filing a mandamus petition and motion in the appellate court that "grossly misstate[d] obviously important and material facts"); *Hunt v. CIT Group/Consumer Fin., Inc.*, No. 03-09-00046-CV, 2010 WL 1508082, at *8-9 (Tex. App.—Austin Apr. 15, 2010, pet. denied) (concluding appealing party's appeal was "objectively frivolous" and awarding appellee $5,000 as damages for the appellant's frivolous appeal under Rule 45 of the Texas Rules of Appellate Procedure, "Damages for Frivolous Appeals in Civil Cases").

The actual "Argument" section of Taylor's amended brief is only a page and a half long. It states that Taylor "suffered injury by [defendants'] actions," that the defendants "have met all elements of fraud," and that "[Defendants'] motives to represent fraud resulted in a conspiracy between [Defendants] to win [the] [trial]-court hearing without remorse." Although this section includes citations to Rule 13 of the Texas Rules of Civil Procedure ("Effect of Signing of Pleadings, Motions and Other Papers; Sanctions"); sections 10.001 ("Signing of Pleadings and Motions") and 10.004 ("Violation; Sanction") of the Texas Civil Practice and Remedies Code, and Rule 52.11 of the Texas Rules of Appellate Procedure ("Groundless Petition or Misleading Statement or Record"), these citations are not accompanied by any argument applying these rules and statutes to the present case.

The "Issues Presented" section of the amended brief does nothing to bring Taylor's complaints into focus. Instead, it lists seventeen purported "Issues," but does not articulate any errors by the trial court as required by Rule 38.1(f). *See* TEX. R. APP. P. 38.1(f); *Tchernowitz*, 2016 WL 6247008, at *2 (holding brief failed to comply with Rule 38.1 when it "lack[ed] proper appellate issues or points of error" and none of the "points of error" alleged error by the trial court). On the other hand, the prayer of Taylor's amended brief provides some insight into his complaints. It states in relevant part: "[Taylor] prays that this Court reverse[] the [trial]-court order and attorney fees … based on [Defendants'] actions of fraud on [the] court." The prayer also asks this court to "determine" that the defendants "in all their falsehoods [should be] sanctioned."

Construing Taylor's amended brief liberally as we must, we conclude that Taylor's complaint on appeal is that the trial court's judgment should be reversed because the defendants made false statements in their motions to dismiss. We further conclude that Taylor is asking this court to impose sanctions on the defendants for the alleged false statements. To the extent Taylor intended to present other complaints on appeal, we hold his complaints are inadequately briefed and present nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Tchernowitz*, 2016 WL 6247008, at *1 (recognizing that when an appellant fails to cite to applicable authority or fails to provide substantive analysis, nothing is presented for appellate review).

### ALLEGED FALSE STATEMENTS AND SANCTIONS

Generally, a party must preserve a complaint for appellate review by making a timely and specific objection, motion, or request in the trial court. *See* TEX. R. APP. P. 33.1(a)(1(A). Additionally, the party must either (1) obtain a ruling on his request, objection, or motion, or (2) lodge an objection to the trial court's refusal to rule. *See* TEX. R. APP. P. 33.1(a)(2)(A),(B); *Berry v. Covarrubias*, No. 14-03-01137-CV, 2004 WL 1631117, at *7 (Tex. App.—Houston [14th Dist.] July 22, 2004, no pet.). The rules requiring preservation of error "conserve[] judicial resources and

promote[] fairness by ensuring that a party does not neglect a complaint at trial and raise it for the first time on appeal." *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014). "Preservation of error reflects important prudential considerations recognizing that the judicial process benefits greatly when trial courts have the opportunity to first consider and rule on error." *Id.*; *see ETC Mktg., Ltd. v. Harris Cty. Appraisal Dist.*, 528 S.W.3d 70, 74 (Tex. 2017) (recognizing that preservation of error is based on "the principle that the trial court should have the chance to rule on issues that become the subject of the appeal.").

On appeal, Taylor complains the defendants made false statements in their motions to dismiss.[3] But Taylor did not properly preserve this complaint for appellate review. The clerk's record shows that Taylor filed motions for sanctions in the trial court complaining about the alleged false statements, but he never set his motions for a hearing. Additionally, the clerk's record contains neither a written order denying Taylor's motions for sanctions, nor a reporter's record showing an oral ruling on these motions. Accordingly, we hold that Taylor's complaints about the alleged false statements in the defendants' motions to dismiss are not preserved for appellate review. *See Berry*, 2004 WL 1631117, at *7 (holding appellant did not preserve his complaint regarding disposition of his motion for sanctions when the record did not contain a ruling on the motion or an objection to the trial court's refusal to rule); *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 260 (Tex. App.—San Antonio 2003, pet. denied) (concluding appellant did not preserve its complaint for appellate review when the trial court did not rule on the appellant's motion).

In his amended brief, Taylor cites *In re Guevara*, a case in which we granted sanctions, pursuant to Rule 52.11 of the Texas Rules of Appellate Procedure, for gross misstatements of

---

[3]As best we can ascertain, the alleged false statements involve (1) statements about the ownership of a road in the subdivision, and (2) failure to quote all of the language in the Declaration's general limitation of liability provision.

material facts made by an attorney in a mandamus petition and a motion filed in the appellate court. *See* 41 S.W.3d at 172-74. Taylor also cites *Hunt*, a case in which the Austin court of appeals granted sanctions, pursuant to Rule 45 of the Texas Rules of Appellate Procedure, against a party who had filed a frivolous appeal in the appellate court. *See* 2010 WL 1508082, at *8-9. Here, by contrast, Taylor complains about alleged false statements in motions filed in the trial court.

As previously discussed, Taylor was required to preserve his complaints for appellate review by obtaining a ruling on them from the trial court. *See Berry*, 2004 WL 1631117, at *7; *GJR Mgmt. Holdings*, 126 S.W.3d at 260. He is not entitled to bypass the trial court and obtain a ruling directly from this court. To the extent Taylor asks this court to impose sanctions on the defendants for the alleged false statements in their motions to dismiss, his request is denied.

## CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice